UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ROBERT SOKOLOVE, DAVID MCCARTHY, )
WILLIAM SHIELDS, and CITIZENS FOR )
REHOBOTH BEACH, a political action committee,)
                                                     )
             Plaintiffs, )
                         )
       v. )     Case No. 05-514 (KAJ)
                         )
CITY OF REHOBOTH BEACH, DELAWARE, )
and GREGORY FERRESE, individually and as )
Manager of the City of Rehoboth Beach, Delaware, )
                         )
             Defendants. )

## NOTICE OF DEPOSITION

TO:    William J. Rhodunda, Jr., Esq.
          Oberly, Jennings & Rhodunda, P.A.
          800 Delaware Avenue, Suite 901
          Wilmington, DE 19801

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, on July 25, 2005, at 2:00 p.m. at the offices of Century Twenty-One, 19606 Coastal Highway, Rehoboth Beach, Delaware 19971, plaintiffs Robert Sokolove, David McCarthy, William Shields and Citizens for Rehoboth Beach will take the deposition upon oral examination pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure of the person or persons to be designated by defendant City of Rehoboth Beach, Delaware ("City") to testify on behalf of the City with respect to the matters listed on Schedule A attached hereto. The deposition will be taken and recorded pursuant to the Federal and Local Rules of Civil Procedure before a court reporter or other person authorized to administer oaths and shall continue from day-to-day until completed. All parties are invited to attend and participate.

WIL:53231.1/999999-999999

Pursuant to Federal Rule of Civil Procedure 30(b)(5), the person(s) designated by the City is directed to produce at the deposition the documents requested on Schedule B attached hereto.

*[signature]*

Shawn P. Tucker, Esq. (#3326)
Todd C. Schiltz. Esq. (#3253)
Wolf Block Schorr and Solis-Cohen LLP
1100 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 777-0312
Attorneys for Plaintiffs

July 22, 2005

## SCHEDULE A

1. The location of all real property the City of Rehoboth Beach, Delaware ("City") owns within the City limits.

2. The location of all public rights-of-way within the City limits.

3. The title and section number of any federal, state, county or city ordinance, code, statute or regulation, including, without limitation, City Ordinance § 74-16, which the City contends authorizes it to remove signs, posters or advertisements from public property or rights-of-way within the City limits.

4. Any right or authority the City has to remove signs, posters or advertisements from public property or rights-of-way owned or controlled by the State of Delaware or any of its departments or agencies, including the Department of Transportation.

5. The steps the City has taken to enforce any federal, state, county or city ordinance, code, statute or regulation, including, without limitation, City Ordinance § 74-16, which the City contends authorizes it to remove signs, posters or advertisements from public property or rights-of-way within the City limits, including, but not limited to:

    (a) who decides whether or not to enforce the federal, state, county or city ordinance, code, statute or regulation, including, without limitation, City Ordinance § 74-16, which the City contends authorizes it to remove signs, posters or advertisements from public property or rights-of-way within the City limits;

    (b) who decides when to enforce the federal, state, county or city ordinance, code, statute or regulation, including, without limitation, City Ordinance § 74-16, which the City

contends authorizes it to remove signs, posters or advertisements from public property or rights-of-way within the City limits;

(c) who decides whether or not a particular sign, poster or advertisement violates the federal, state, county or city ordinance, code, statute or regulation, including, without limitation, City Ordinance § 74-16, which the City contends authorizes it to remove signs, posters or advertisements from public property or rights-of-way within the City limits;

(d) how often the City enforces the federal, state, county or city ordinance, code, statute or regulation, including, without limitation, City Ordinance § 74-16, which the City contends authorizes it to remove signs, posters or advertisements from public property or rights-of-way within the City limits;

(e) how often signs are removed as a result of alleged violations of any federal, state, county or city ordinance, code, statute or regulation, including, without limitation, City Ordinance § 74-16, which the City contends authorizes it to remove signs, posters or advertisements from public property or rights-of-way within the City limits;

(f) any policies, procedures or regulations the City has adopted to guide it in its enforcement of any federal, state, county or city ordinance, code, statute or regulation, including, without limitation, City Ordinance § 74-16, which the City contends authorizes it to remove signs, posters or advertisements from public property or rights-of-way within the City limits;

(g) any signs, posters or advertisements that have been removed from public property or rights-of-way in the last five years as a result of the City's enforcement of any

- 5 -

federal, state, county or city ordinance, code, statute or regulation, including, without limitation, City Ordinance § 74-16, which the City contends authorizes it to remove signs, posters or advertisements from public property or rights-of-way within the City limits; and

      (h)    any signs, posters or advertisements that have been erected on public property or rights-of-way within the City limits over the last five years.

6.    The removal of any campaign signs by the City from private property or public property or rights-of-way within the City since July 1, 2005, including, but not limited to:

      (a)    who decided campaign signs should be removed and why;

      (b)    who directed City employees to remove campaign signs;

      (c)    what directions or instructions were City employees given with respect to the removal of campaign signs;

      (d)    who decided certain campaign signs would be removed and others left standing; and

      (e)    why did the City remove certain campaign signs and leave others standing.

SCHEDULE B

1. Documents identifying all public property located within the limits of the City of Rehoboth Beach, Delaware ("City").

2. Documents identifying all public rights-of-way within the City limits.

3. All documents identifying the reasons why the City adopted City Ordinance § 74-16.

4. All documents describing or listing any signs, posters or advertisements that have been removed from public property or rights-of-way in the last five years as a result of the City's enforcement of any federal, state, county or city ordinance, code, statute or regulation, including, without limitation, City Ordinance § 74-16, which the City contends authorizes it to remove signs, posters or advertisements from public property or rights-of-way within the City limits.

5. Any policies, procedures or regulations the City has adopted to guide it in its enforcement of any federal, state, county or city ordinance, code, statute or regulation, including, without limitation, City Ordinance § 74-16, which the City contends authorizes it to remove signs, posters or advertisements from public property or rights-of-way within the City limits.

6. All documents containing any directions or instructions the City has given to any of its departments, employees or agents regarding the enforcement of any federal, state, county or city ordinance, code, statute or regulation, including, without limitation, City Ordinance § 74-16, which the City contends authorizes it to remove signs, posters or advertisements from public property or rights-of-way within the City limits.

7. All reports generated in response to any complaints received by the City since July 1, 2005 regarding the posting or removal of campaign signs in the City.

8. Any documents giving the City any right or authority to remove signs, posters or advertisements from public property or rights-of-way owned or controlled by the State of Delaware or any of its departments or agencies, including the Department of Transportation.