IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ROBERT SOKOLOVE, DAVID MCCARTHY, WILLIAM SHIELDS and CITIZENS FOR REHOBOTH BEACH, a political committee,**<br><br>　　　　**Plaintiffs,**<br><br>　　v.<br><br>**CITY OF REHOBOTH BEACH, DELAWARE and GREGORY FERRESE, individually and as Manager of the City of Rehoboth Beach, Delaware,**<br><br>　　　　**Defendants.** | Case No. 05 - 514 |

### DEFENDANTS' ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT WITH SEPARATE DEFENSES

Defendants, City of Rehoboth Beach, Delaware and Gregory Ferrese, by and through their counsel, Marshall, Dennehey, Warner, Coleman & Goggin, hereby respond to plaintiffs' Complaint as follows:

### PRELIMINARY STATEMENT

1.　Defendants object to the introductory paragraph of plaintiffs' Verified Complaint to the extent that it is simply gratuitous and conclusory, containing material that is entirely impertinent. In addition, plaintiffs' representations concerning their candidacy in an August 13, 2005 election are now obsolete and moot.

### THE PARTIES

1.　Denied. After reasonable investigation, answering defendants are unable to admit or deny the allegation within this paragraph of plaintiffs' Verified Complaint and must therefore deny same, demanding strict proof thereof at the time of trial. In addition, that allegation concerning Mr. Sokolove's candidacy for Mayor of the City of Rehoboth Beach is moot now that the August 13, 2005 election has been concluded.

2. Denied. Answering defendants are unable to admit or deny the allegations within paragraph number 2 of Plaintiffs' Verified Complaint and must therefore deny same, demanding strict proof thereof at the time of trial. Moreover, that allegation concerning Mr. McCarthy's candidacy for City Commissioner in the August 13, 2005 election is moot since the election has been concluded.

3. Denied. After reasonable investigation, answering defendants are unable to admit or deny the allegations within this paragraph of plaintiff's Verified Complaint and must therefore deny same, demanding strict proof thereof at the time of trial. Moreover, that allegation concerning Mr. Shield's candidacy for the City Commissioner in the August 13, 2005 election is moot since the election has been concluded.

4. Denied. Answering defendants are unable to admit or deny the allegations within this paragraph of plaintiff's Verified Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

5. Admitted in part, denied in part. It is admitted that the defendant, City of Rehoboth Beach is a municipal corporation located in Sussex County, Delaware. It is further admitted that the City conducted an election on August 13, 2005.

6. Admitted.

## JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

## DEFENDANTS REMOVE PLAINTIFFS' CAMPAIGN SIGNS

9. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

10. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

11. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

12. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

13. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

14. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

15. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

16. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

17. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

18. Denied as a legal conclusion to which no further response is necessary.

19. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

20. Denied as pled.

21. Denied as moot. The allegations within this paragraph of Plaintiff's Verified Complaint are in support of plaintiff's application for injunctive relief in advance of the July 26, 2005 hearing which application was denied.

22. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

23. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

## COUNT I

24.     Answering defendants hereby repeat the responses to the allegation within paragraphs 1 through 23 of plaintiffs' Verified Complaint as if set forth herein at length.

25.     Inasmuch as the allegations within this paragraph of plaintiff's Complaint constitute legal conclusions no response is necessary.

26.     Inasmuch as the allegations within this paragraph of plaintiff's Complaint constitute legal conclusions no response is necessary.

27(a) – (e).    Denied.

28.     Denied.

## COUNT II

29.     Answering defendants hereby repeat the responses to the allegations within paragraphs 1 through 28 of plaintiffs' Verified Complaint as if set forth herein at length.

30.     Denied.

31.     Denied as pled.

32.     Denied.

WHEREFORE, answering defendants hereby request that this Honorable Court dismiss plaintiff's Verified Complaint and enter judgment in favor of the defendants.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiffs have shown no valid civil rights violations and therefore have failed to meet the statutory requirements of 42 U.S.C. §1981, 1983, 1985, 1986 and 1988.

### SECOND SEPARATE DEFENSE

That portion of plaintiffs' verified complaint alleging the violation of 42 U.S.C. §1983 is insufficient and must therefore be dismissed. To the extent that the allegations relate to an August 13, 2005 election which has now been concluded, the allegations are broad and

conclusory and fail to state sufficient facts in support of their conclusion.  In this Circuit, plaintiffs in civil rights actions are required to plead facts with specificity.  **Negrich v. Horn,** 379 F.2d 213 (3rd Cir. 1967), <u>see</u> also, **Rotolo v. Burough of Chrleroi,** 522 F.2d 920 (3rd Cir.1976).

### THIRD SEPARATE DEFENSE

Since the August 13, 2005 election upon which plaintiff's Complaint was predicated has been concluded, the allegations in the Complaint are moot and/or obsolete, thereby rendering the pleading baseless in both law and fact.  Answering defendants therefore demand damages in the form of costs pursuant to 28 U.S.C. 1928.   No one after reasonable inquiry could form a reasonable belief that the pleading is warranted by existing law, nor is there any good faith argument for the extension, modification or reversal of existing law.  <u>See</u>, **Eavenson Auchmuty and Greenwald v. Holtzman,** 775 F.2d 535 (3rd Cir. 1985), cf **Haines v. Kerner,** 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2nd 652 (1972).

### FOURTH SEPARATE DEFENSE

Individual defendant, Gregory Ferrese, hereby asserts the defense of qualified immunity as articulated in **Harlow v. Fitzgerald,** 457 U.S. 800 (1982) and subsequent decisions.

### FIFTH AFFIRMATIVE DEFENSE

Defendant, Gregory Ferrese, asserts that he has not violated clearly established law and at all times concerned with this litigation acted in a manner which was proper, reasonable, lawful and in the exercise of good faith, and, as such, enjoys not only qualified immunity but a right not to go to trial as articulated in **Mitchell v. Forsyth,** 105 S. Ct. 2806 (1985).

### SIXTH AFFIRMATIVE DEFENSE

Defendant, Gregory Ferrese, asserts, in the alternative, either that under the facts alleged or to be developed that he was acting individually and within the confines or boundaries of qualified immunity, or, alternatively, that to the extent that he is named in his official capacity,

those claims should be dismissed. **Brandon v. Holt,** 469 U.S. 464 (1985); **Gregory v. Chechi,** 843 F.2d 111 (1988).

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs claims for punitive damages against both the City of Rehoboth Beach and the individual defendant in his official capacity are barred by State and Federal law. **City of New Port v. Fact Concerts, Inc.**, 101 S. Ct. 2748 (1987).

### EIGHTH AFFIRMATIVE DEFENSE

It is averred that collateral estoppel and res judicata applied to bar litigation of issues formally adjudicated concerning plaintiffs' allegations.

### NINTH AFFIRMATIVE DEFENSE

Defendants herein assert all other defenses available to them under the Civil Rights Act of 1871.

        **MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

        BY: /s/ Daniel A. Griffith
        DANIEL A. GRIFFITH, ESQUIRE
        I.D. No. 4209
        1220 N. Market St., Suite 5th Floor
        P.O. Box 8888
        Wilmington, DE 19899-8888
        (302) 552-4317
        Email: dgriffith@mdwcg.com

## **CERTIFICATE OF SERVICE**

I, **DANIEL A. GRIFFITH**, hereby certify that on this   17th   day of   August  , 2005, caused two (2) copies of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT WITH SEPARATE DEFENSES** to be served by regular mail on counsel for the parties at the following address:

Shawn Tucker, Esquire
Duane Morris LLP
1100 North Market Street,
Suite 1200
Wilmington, DE 19801-1246

        **MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN**

        BY:   /s/ Daniel A. Griffith
             DANIEL A. GRIFFITH, ESQUIRE
             I.D. No.  4209
             1220 N. Market St., 5th Floor
             P.O. Box 8888
             Wilmington, DE  19899-8888
             (302) 552-4317

**DATED:  August 17, 2005**
\15_A\LIAB\DAG\LLPG\301373\LAS\20021\00101