UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SOKOLOVE, DAVID MCCARTHY, WILLIAM SHIELDS and CITIZENS FOR REHOBOTH BEACH, a political committee, ) ) ) ) | |
| Plaintiffs, ) | Case No. 05 - 514 |
| ) | |
| v. ) | |
| ) | |
| CITY OF REHOBOTH BEACH, DELAWARE and GREGORY FERRESE, individually and as Manager of the City of Rehoboth Beach, Delaware, ) ) ) ) ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPENING BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

                                          **MARSHALL, DENNEHEY, WARNER,
                                          COLEMAN & GOGGIN**

                              **BY:**   **/s/ Daniel A. Griffith, Esquire**
                                          **DANIEL A. GRIFFITH, ESQUIRE**
                                          1220 N. Market St., 5th Floor
                                          P.O. Box 8888
                                          Wilmington, DE  19899-8888
                                          *Attorney for Defendants,*
                                          City of Rehoboth Beach and
                                          Gregory Ferrese

DATED: November 8, 2005
\15_A\LIAB\JVWORK\LLPG\316031\JVWORK\20021\00101

PDF created with pdfFactory Pro trial version www.pdffactory.com

## **TABLE OF CONTENTS**

**NATURE AND STAGE OF THE PROCEEDINGS**……………………………………1

**QUESTIONS PRESENTED**………………………………………………………………3

**STATEMENT OF FACTS**………………………………………………………………..4

**ARGUMENT**………………………………………………………………………………5

**I.    BECAUSE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ESSENTIALLY SEEKS JUDGMENT ON THE PLEADINGS WHERE THE ALLEGATIONS IN THE COMPLAINT ARE DENIED, THE MOTION IS PREMATURE**……………………………………………………………………..5

**II.   BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT, SUMMARY JUDGMENT IS INAPPROPRIATE AND PLAINTIFFS' MOTION SHOULD BE DENIED.** ……………………………………………………………………..8

**III.  THE PLAINTIFFS HAVE FAILED TO ESTABLISH THE REQUIREMENTS NECESSARY TO THE ISSUANCE OF A PERMANENT INJUNCTION**…..10

**CONCLUSION**……………………………………………………………………………13

i

PDF created with pdfFactory Pro trial version www.pdffactory.com

## **TABLE OF AUTHORITIES**

**CASES**

*ACLU v. Black Horse Pike Reg'l Bd. of Educ.*, 84 F.3d 1471, 1477 nn. 2-3 (3d Cir. 1996). ....... 10
*Elrod v. Burns*, 427 U.S. 347, 373 (1976),................................................................................ 11
*Medical Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999)......................................... 8
*Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001);..................................................... 10, 11
*Sokolove v. City of Rehoboth Beach, et al*, Case No. 05-514....................................................... 2

**OTHER CITATIONS**

City Ordinance § 74- 16    …...................…………………………………………..1,4
Fed. R. Civ. P. 12(b)(6)................................................................................................................ 6
Fed. R. Civ. P. 56........................................................................................................................ 6
*See* Fed. R. Civ. P. 56(c). ........................................................................................................... 6

PDF created with pdfFactory Pro trial version www.pdffactory.com

PDF created with pdfFactory Pro trial version www.pdffactory.com

**NATURE AND STAGE OF THE PROCEEDINGS**

On July 21, 2005, Plaintiffs Robert Sokolove, David McCarthy, William Shields and the Citizens for Rehoboth Beach filed suit against Defendants City of Rehoboth Beach, Delaware ("City") and Gregory Ferrese, the City Manager for the City of Rehoboth Beach. The lawsuit alleges that City Ordinance § 74-16 ("Ordinance") is unconstitutional on its face and additionally, that the City's enforcement of the Ordinance, as against the Plaintiffs, is unconstitutional.

In response to Plaintiffs' demand for preliminary injunctive relief, this Court held a hearing on July 26, 2005. On July 28, 2005, the Court issued a Memorandum Order denying the Plaintiffs' request for injunctive relief, stating *inter alia* that the Ordinance is facially valid. (*See* Memorandum Order, attached as Exhibit A.) Although the Court expressed concerns about the application of the Ordinance by the City and against the Plaintiffs, the Court did not grant any injunctive relief to the Plaintiffs at that time. (*See* Exhibit A.) The Court noted that, given the preliminary stage of the litigation, its consideration was based upon the parties' respective likelihood of success on the merits, without making any final rulings on the merits. (*See* Exhibit A.)

On October 26, 2005, the Court conducted the initial Scheduling Conference, following which the Court issued its Scheduling Order. Pursuant to the terms of the Scheduling Order, discovery is scheduled to conclude October 26, 2005. Without even propounding any discovery requests or conducting any despoitions following the hearing on the preliminary injunction application, Plaintiffs filed a Motion for Partial Summary Judgment ("Motion") on October 18, 2005, demanding a permanent injunction on an issue not raised in their Verified Complaint— that the application of the Ordinance subsequent to the elction is unconstitutional. In seeming

1

PDF created with pdfFactory Pro trial version www.pdffactory.com

recognition that the Complaint does not address issues covered by Plaintiffs' Motion, the Plaintiffs filed an Amended and Supplemental Verified Complaint on October 21, 2005, three days after it filed its Motion for Partial Summary Judgment. (*See* Docket for *Sokolove v. City of Rehoboth Beach*, *et al*, Case No. 05-514, attached as Exhibit B.)

PDF created with pdfFactory Pro trial version www.pdffactory.com

## QUESTIONS PRESENTED

I.      Whether a Motion for Partial Summary Judgment without any discovery is premature when it sets forth new allegations not pled in the original Verified Complaint.

II.     Whether a Motion for Partial Summary Judgment can be granted when the parties are in dispute over genuine issues of fact.

III.    Whether a permanent injunction can be granted when the Plaintiffs have failed to satisfy all of the elements required to obtain a permanent injunction.

PDF created with pdfFactory Pro trial version www.pdffactory.com

**STATEMENT OF FACTS**

This action arises from a dispute over the placement of campaign signs during the 2005 municipal elections for the City of Rehoboth Beach, which occurred on August 13, 2005. The Plaintiffs consist of three candidates for municipal office, Robert Sokolove, David McCarthy, and William Shields, and a political action committee, Citizens for Rehoboth Beach. Prior to the municipal election, the Plaintiffs installed campaign signs announcing their candidacies on both public and private property throughout the City of Rehoboth Beach. On July 9, 2005, some of these signs were removed by City of Rehoboth Beach officials as being in violation of Ordinance § 74-16. Shortly after their removal, these signs were returned to the Plaintiffs. The Plaintiffs reinstalled these signs. Due to the fact that the placement of the signage was still in violation of Ordinance § 74-16, the signs were removed again, giving rise to this lawsuit.

On July 26, 2005, the United States District Court for the District of Delaware held a hearing to determine whether a preliminary injunction should be issued that would address whether the City of Rehoboth Beach could remove the signs when placed on public property. Although the Court expressed concerns about the enforcement methods used by the City of Rehoboth Beach, no preliminary injunction was issued. Nevertheless, in recognition of the Court's concerns respecting the enforcement methods, the City allowed the Plaintiffs to reinstall their signage throughout the City. Since the July 26, 2005 preliminary injunction hearing and the Court's July 28, 2005 Memorandum Order, the City has enfoced the Ordinance in a fashion consistent with the terms of both the Ordinance and the July 28, 2005 Memorandum Opinion. Without conducting any discovery, Plaintiffs now seek summary judgment on a central disputed issue, i.e., the constitutionality of the City's enforcement. In essence, on no factual record developed through discovery, Plaintiffs request judgment on the pleadings, depsite Defendants' denial of the allegations in the Complaint.

4

PDF created with pdfFactory Pro trial version www.pdffactory.com

**ARGUMENT**

**I.  BECAUSE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ESSENTIALLY SEEKS JUDGMENT ON THE PLEADINGS WHERE THE ALLEGATIONS IN THE COMPLAINT ARE DENIED, THE MOTION IS PREMATURE.**

Inexplicably, Plaintiffs have moved for summary judgment on issues that were not alleged in the Verified Complaint upon which the Motion is premised. The Plaintiff's Amended and Supplemental Verified Complaint, which encompasses these issues, was filed subsequent to Plaintiffs' Motion for Partial Summary Judgment. Nevertheless, no party has conducted any discovery and the allegations in Plaintiffs' pleadings are denied.

Federal Rule of Civil Procedure 56 governs motions for summary judgment. *See* Fed. R. Civ. P. 56. Summary judgment is only appropriate where there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Fundamental to this concept is the requirement that a plaintiff has actually complained of the conduct for which summary judgment is sought. In order to be entitled to a legal or equitable remedy, a party must first commence a lawsuit stating the factual allegations and legal grounds upon which relief may be granted. *See, e.g.,* Fed. R. Civ. P. 12(b)(6) (stating that failure to state a claim upon which relief can be granted is grounds for dismissal of a lawsuit).

The Plaintiffs original Verified Complaint was filed on July 21, 2005. The Complaint includes two Counts. (*See* Plaintiffs' Verified Complaint, attached hereto as Exhibit C.) Count I alleges in pertinent part, "Defendants have deprived plaintiffs of their right to engage in free speech . . . ." (*See* Exhibit C, ¶27 (emphasis added).) Count II alleges in pertinent part, "Plaintiffs' were deprived of their constitutional right to free speech . . . ." (*See* Exhibit C, ¶32 (emphasis added).) Both of these Counts allege that the past conduct of the City of Rehoboth

5

PDF created with pdfFactory Pro trial version www.pdffactory.com

Beach, prior to the 2005 municipal election and prior to the Court's Memorandum Order, violated the Plaintiffs' rights.

The Plaintiffs' Motion for Partial Summary Judgment was filed on October 18, 2005. (*See* Plaintiffs' Opening Brief in Support of Their Motion for Partial Summary Judgment, "Plaintiffs' Motion," attached as Exhibit D.)  By their own words, Plaintiffs demand summary judgment on the grounds that "defendants' continued selective enforcement must be permanently enjoined."  (*See* Exhibit D.)  This is not the conduct that Plaintiffs originally complained of, but rather, is separate and distinct conduct.  The original Verified Complaint addresses conduct occurring prior to the 2005 municipal election.  (*See* Exhibit D.)  In essence, the Plaintiffs Motion covers conduct beyond the scope of the lawsuit upon which the Motion is premised.

Plaintiffs' Motion for Partial Summary Judgment goes beyond an attempt to prove the allegations set forth in the Verified Complaint.  It sets forth new allegations and new factual issues.  Plaintiffs have implicitly admitted that these issues and allegations are new.  Plaintiffs' Amended and Supplemental Verified Complaint, filed <u>after</u> their Motion for Partial Summary Judgment, sets forth the allegations of their Motion for Partial Summary Judgment.  (*See* Exhibit E, ¶¶24-26.)  The amending of the Verified Complaint is evidence in its own right that the Plaintiffs recognize that they are presenting new allegations that are sufficently important that they should be specifically included in the Complaint.

The testimony at the July 26, 2005 hearing and the July 28, 2005 Memorandum Opinion obviously address <u>pre-election</u> conduct.  Plaintiffs have filed a summary judgment motion <u>and then</u> amended their Complaint seeking judgment based on <u>post-election</u> conduct, upon no factual record whatsoever.

6

PDF created with pdfFactory Pro trial version www.pdffactory.com

In fact, throughout Plaintiffs entire Amended and Supplemental Verified Complaint, alterations have been made to allege the prospective conduct of the Defendants as well as the prospective conduct of Plaintiffs. (*See* Exhibit E.) The Plaintiffs allege on several occasions that at least one of them, Mr. Sokolove, will either run for office in the future or, in the case of Plaintiff Citizens for Rehoboth Beach, will support such future candidacies. (*See* Exhibit E, ¶¶1, 4, and 27.) Plaintiffs allege that enforcement of the Ordinance during "future municipal elections" would be constitutionally impermissible. (*See* Exhibit E, ¶28.) These extensive changes to Plaintiffs allegations demonstrate their recognition that they are now complaining of conduct that is distinct from claims originally pled. It is implicit therein that Plaintiffs themselves were aware that they could not obtain a judgment in their favor concerning the speculative and prospective future conduct of the Defendants on the original Verified Complaint.

As a matter of law, a plaintiff cannot obtain a legal or equitable remedy from a court without first filing a Complaint with that court. Once a plaintiff has filed a Complaint with the court, it can only obtain a judgment against a defendant on a legal or equitable principle it has pled. It logically follows that in the instant case, where the Plaintiffs have sought summary judgment on an issue that was not pled at the time the motion was filed, summary judgment is premature.

The fact that the Plaintiffs have amended their Verified Complaint *post hoc* does not cure the defect. The Defendants have not even been afforded the opportunity to file an Answer to these new allegations presented for the first time in the Plaintiffs' Motion and subsequently in their Amended and Supplemental Verified Complaint.

7

PDF created with pdfFactory Pro trial version www.pdffactory.com

## II.  BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT, SUMMARY JUDGMENT IS INAPPROPRIATE AND PLAINTIFFS' MOTION SHOULD BE DENIED.

At earliest stage of this litigation, with clear and pertinent factual disputes, and prior to even the initial stages of discovery, the Plaintiffs have moved for summary judgment.  In deciding a motion for summary judgment, the "test is whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." *Medical Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999).

In their Motion for Partial Summary Judgment, Plaintiffs' allege, "Notwithstanding that defendants were put on notice of these offending signs and notwithstanding that the Court advised them that they were not enfocing the Ordinance in a constitutionally permissible manner, defendants have elected to leave these signs standing."  (*See* Exhibit D, p. 12.)

In an attempt to support their allegations, the Plaintiffs focus on the conduct of City officials prior to the Court's Memorandum Order of July 28, 2005.  The Plaintiffs specficially rely on the deposition testimony of Alexander Onizuk and David Murphy, both of whom testified to the enforcement of the Ordinance prior to the Court's July 28, 2005 ruling.  (*See* Plaintiffs' Opening Brief in Support of Their Motion for Partial Summary Judgment, pp. 4-6, 10, 12.)  Plaintiffs also rely generally upon the testimony of various witnesses during the July 26, 2005 testimony, (*see* Exhibit D), to support their position that "these practices are continuing today, (*see* Exhibit D, p. 14).  Again, this testimony related to the City's enforcement of the Ordinance <u>prior to</u> the Court's July 28, 2005 ruling.

Attached as Exhibit F is the Affidavit of Gregory Ferrese, Defendant and City Manager for the City of Rehoboth Beach.  Mr. Ferrese is responsible for, among other things, ensuring that the ordinance is properly enforced.  Mr. Ferrese testified at the July 26, 2005 hearing and

8

PDF created with pdfFactory Pro trial version www.pdffactory.com

reviewed the Court's July 26, 2005 Memorandum Opinion. As he makes clear in his Affidavit, the Ordinance is being enforced in accordance with the terms of both the Ordinance and the Memorandum Opinion. (*See* Exhibit F, ¶5.) Mr. Ferrese's Affidavit alone creates a factual dispute precluding the entry of summary judgment. This was done in order to adhere to the concerns stated by the Court in its Memorandum Order of July 28, 2005. (*See* Affidavit of Gregory Ferrese, ¶5, attached as Exhibit F.)

In essence, Plaintiffs claim that the City of Rehoboth Beach has not changed its practices since either the issuance of the July 28, 2005 Memorandum Order or since the end of the 2005 municipal election. The City Manager, Gregory Ferrese, asserts that the method of enforcement of the Ordinance has changed since the issuance of the July 28, 2005 Memorandum Order and since the end of the 2005 municipal election. Clearly, there is a dispute of fact concerning the specific methods of enforcement presently used by the City. It is this very method of enforcement that is the crux of the Plaintiffs' allegations that the enforcement of the Ordinance is unconstitutional. As such, there is a genuine issue of material fact that must be resolved before summary judgment can be considered by the Court.

9

PDF created with pdfFactory Pro trial version www.pdffactory.com

## III. THE PLAINTIFFS HAVE FAILED TO ESTABLISH THE REQUIREMENTS NECESSARY TO THE ISSUANCE OF A PERMANENT INJUNCTION.

It is the Plaintiffs' burden to establish that a permanent injunction is warranted. "In deciding whether to grant a permanent injunction, the district court must consider whether: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the [moving party]; and (4) the injunction would be in the public interest. *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001); *ACLU v. Black Horse Pike Reg'l Bd. of Educ.*, 84 F.3d 1471, 1477 nn. 2-3 (3d Cir. 1996). The Plaintiffs have failed to establish three of these requirements.

With respect to the specific allegations of the Plaintiffs' Motion, the Plaintiffs have failed to demonstrate a likelihood of success on the merits. *See Shields*, 254 F.3d at 482. The Plaintiffs place significant reliance on the Memorandum Order issued by this Court on July 28, 2005 and also upon the pre-election testimony of Mr. Onizuk and Mr. Murphy in support of their position that they would likely succeed on the merits. (*See* Exhibit D.) The timing of this evidence is critical. While it bears noting that the Court did not award the Plaintiff's with a preliminary injunction even though the Court expressed concerns over the method of enforcement previously applied by the City, (*see* Exhibit A), the manner in which the City has enforced the Ordinance since the election remains in dispute, (*see* Exhibit F, ¶5).

The Plaintiffs have failed to demonstrate that this post-election method of enforcement is somehow unconstitutional and thus would lead to success on the merits. This is not a surprise because of haste with which the Plaintiffs have filed this Motion for Partial Summary Judgment.

10

PDF created with pdfFactory Pro trial version www.pdffactory.com

The Plaintiffs have had no opportunity to conduct discovery respecting the City's efforts to address the Court's concerns and the methods now used by the City as opposed to those applied prior to the 2005 municipal election.

Although the Defendants do not contest that from a conceptual standpoint, an unconstitutional violation of First Amendment freedoms is irreparable harm, *see Elrod v. Burns*, 427 U.S. 347, 373 (1976), the Plaintiffs have failed to demonstrate that the present enforcement of the Ordinance, subsequent to the Court's July 28, 2005 ruling, is such a violation. Additionally, the Plaintiffs have made no effort to demonstrate that the harm of allowing the City's new method of enforcement to continue would create greater harm to the Plaintiffs than the harm caused to the City by preventing it from enforcing its laws. *See Shields*, 254 F.3d at 482. Given the terms of the Scheduling Order, discovery will be completed well before the next election campaign.

The Plaintiffs have failed to make any reference to whether the issuance of a permanent injunction would be in the public interest. A restriction such as the Ordinance in question in this case, is not *per se* unconstitutional. In fact, this Court stated in its Memorandum Order, p. 14, that the Ordinance is in fact constitutionally valid on its face. The Plaintiffs have made no effort to demonstrate that an injunction preventing the City from enforcing its laws would somehow be in the public interest.

The Plaintiffs, as the moving party, bear the burden of demonstrating that each and every element necessary to the issuance of a permanent injunction is satisfied. *See id.* The Plaintiffs have failed to meet this burden. This failure is at least in part due to the fact that the Plaintiffs have been too hasty in the filing of this Motion for Partial Summary Judgment. This Motion was filed so prematurely that it precedes the Complaint upon which it is based, a Complaint which

11

PDF created with pdfFactory Pro trial version www.pdffactory.com

the Defendants have not yet had the opportunity to answer. These infirmaties cannot be addressed without further knowledge; knowledge that cannot be gained without some level of discovery, and at the very least, an opportunity for the Defendants to answer the allegations of the Amended and Supplemental Verified Complaint.

PDF created with pdfFactory Pro trial version www.pdffactory.com

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Honorable Court deny Plaintiffs Motion for Partial Summary Judgment because the Motion is premature, there are genuine issues of material fact, and the Plaintiffs have failed to meet the requirements for the issuance of a permanent injunction.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: /s/ Daniel A. Griffith
 DANIEL A. GRIFFITH, ESQUIRE
 I.D. No. 4209
 1220 N. Market St., 5th Floor
 P.O. Box 8888
 Wilmington, DE 19899-8888
 (302) 552-4317

**DATED: November 8, 2005**
\15_A\LIAB\JVWORK\LLPG\316031\JVWORK\20021\00101
.

PDF created with pdfFactory Pro trial version www.pdffactory.com