EXHIBIT C

JUL-22-2005  12:55   WILLIAMS INS                    3022273173    P.06

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ROBERT SOKOLOVE, DAVID MCCARTHY, )
WILLIAM SHIELDS, and CITIZENS FOR )
REHOBOTH BEACH, a political action committee,)
)
        Plaintiffs, )
)
v. ) Case No.
)
CITY OF REHOBOTH BEACH, DELAWARE, )
and GREGORY FERRESE, individually and as )
Manager of the City of Rehoboth Beach, Delaware, )
)
        Defendants. )

## VERIFIED COMPLAINT

Plaintiffs Robert Sokolove, David McCarthy and William Shields are candidates for office in a August 13, 2005, election and bring this action to, among other things, enjoin and preclude defendants City of Rehoboth Beach and Gregory Ferrese from violating plaintiffs' constitutional right to free speech by impermissibly removing campaign signs erected by plaintiffs. Defendants' conduct violates plaintiffs' rights under the First and Fourteenth Amendments to the Constitution of the United States, the Civil Rights Act of 1971, 42 U.S.C. § 1983 and impermissibly seeks to interfere with the August 13 election.

## THE PARTIES

1.    Plaintiff Robert Sokolove is a citizen of the State of Delaware who resides at 4 Norfolk Street, Rehoboth Beach, DE 19971. Mr. Sokolove is a candidate for Mayor of the City of Rehoboth Beach, Delaware in an August 13, 2005 election.

WIL:53189.3/999999-999999

2. Plaintiff David McCarthy is a citizen of the State of Delaware who resides at 30 Delaware Avenue, Rehoboth Beach, DE 19971. Mr. McCarthy is a candidate for City Commissioner in the August 13, 2005 election.

3. Plaintiff William Shields is a citizen of the State of Delaware who resides at 52 Maryland Avenue, Rehoboth Beach, DE 19971. Mr. Shields is a candidate for City Commissioner in the August 13, 2005 election.

4. Plaintiff Citizens for Rehoboth Beach is the political action committee which supports the individual plaintiffs' campaign efforts and other election related issues.

5. Defendant the City of Rehoboth Beach, Delaware ("City") is a municipal corporation located in Sussex County, Delaware. The City has scheduled an election for August 13, 2005.

6. Defendant Gregory Ferrese is the City Manager of Rehoboth Beach, Delaware.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(3), 2201 and 2202.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## DEFENDANTS REMOVE PLAINTIFFS' CAMPAIGN SIGNS

9. In early July, 2005, the individual plaintiffs and their representatives erected campaign signs in the City. The signs were approximately 2 feet by 2 feet, notified prospective voters that the individual plaintiffs were running for office with slogans such as "Sokolove for Mayor" and sought the voters' support on election day. Prior to erecting the signs, plaintiffs'

WIL:53189.3/999999-999999                          - 2 -

representatives contacted Mr. Ferrese and were advised that they could place their signs on any public property in the City except in the newly renovated street scape. Mr. Ferrese further advised plaintiffs' representatives that the City would not remove signs from public property. In total, approximately 100 campaign signs were erected in the City.

10. The campaign signs were placed on the private property of the individual plaintiffs and their supporters as well as on public property and rights-of-way adjacent to streets and sidewalks. The signs erected on public property and rights-of-way were placed near the signs of other candidates in the August 13 election, including Samuel Cooper, the current Mayor of Rehoboth Beach. The City has allowed numerous other signs, including its own convention center sign promoting commercial activities in the center as well as signs for other candidates, commercial establishments, community organizations, and neighborhoods, to be erected and maintained in the public rights-of-way.

11. On or about the early morning of July 9, 2005, representatives of the City's Building and Licensing department removed a significant number of plaintiffs' campaign signs. Plaintiffs' signs were singled out for removal as other candidates' campaign signs, including those of incumbent Mayor Cooper, and other commercial/community signs which were next to plaintiffs' signs on the public rights-of-way, were not removed by the City's Building and Licensing department.

12. Within hours of their removal, Joseph Hill, a supporter of the individual plaintiffs and Citizens for Rehoboth Beach, was notified that the removed campaign signs were in a vehicle owned by the City's Building and Licensing department and that the vehicle was parked

WIL:53189.3/999999-999999                - 3 -

at that department's office. He contacted City police to investigate the matter. In relevant part, the investigating officer's report provides:

> On 7/09/05 at approx. 1120 hrs. I was dispatched to the parking lot by the Building and Licensing office in reference to a complaint of political campaign sign placed in the back of a City of Rehoboth Beach vehicle belonging to the Building and Licensing office.
>
> Upon arrival, I contacted Joe Hill. He advised that the signs should not have been picked up. He advised that he had already tried to speak with the city manager, Greg Ferrese; however, he was busy. I advised him that I would speak to Mr. Ferrese about the matter. Hill advised that he was going to take pictures of the signs in the back of the vehicle.
>
> I spoke with Mr. Ferrese at approximately 1130 hrs., and he advised that the signs should not have been picked up, and he did not know why they had been. I had taken two Polaroid photos of the signs that were in the back of the vehicle, and Mr. Ferrese held on to them.

(Copy of police report attached as Exhibit A).

13. Two or three hours after his campaign signs were discovered in a Building and Licensing vehicle, plaintiff Robert Sokolove retrieved his signs and replaced them in the community. Like before, he placed his campaign signs on private property and in the rights-of-way adjacent to streets and sidewalks. Mr. Sokolove placed one of his signs in a flower pot that is owned and maintained by the restaurant he owns and operates in the City.

14. Before midnight on July 9, 2005, plaintiffs' campaign signs, including the sign in the flower pot in front of Mr. Sokolove's restaurant, had again been removed. Mr. Sokolove's valet parking attendants advised him that an employee of the City's Building and Licensing department had removed the signs. Mr. Sokolove immediately went to the Building and Licensing department where he found A. Walter Onizuk, a department employee, who said that Mr. Ferrese, acting through Dave Murphy, the head of the City's Building and Licensing department, had directed Mr. Onizuk to remove the signs.

WIL:53189.3/999999-999999                    - 4 -

### DEFENDANTS APPRAISED PLAINTIFFS THEY COULD BE FINED AND CONFIRM THAT THEY WILL CONTINUE TO REMOVE PLAINTIFFS' CAMPAIGN SIGNS

15. Following the second removal of their signs, plaintiffs contacted their attorneys about the matter. On July 11, 2005, plaintiffs' counsel wrote the City Manager (with a copy to the City Solicitor) requesting that the photographs of the removed signs taken by the police be returned to the investigation file. On July 13, 2005, having received no confirmation of the return of the photographs and after learning that Mr. Ferrese had ordered City employees to remove all of plaintiffs' campaign signs from public property despite his prior advice to the contrary, plaintiffs' counsel again wrote the City Manager (with a copy to the City Solicitor) asking for an explanation of why plaintiffs' campaign signs were removed and advising defendants that such removal violates the United States Constitution. Counsel's letter requested a response from defendants, but defendants have yet to respond to the July 13, 2005 letter.

16. Plaintiffs did speak to Officer Scott O'Bier of the City's police department about replacing the twice-removed signs. Officer O'Bier appraised plaintiffs that if they did replace signs in an area the City considered improper, such persons could be fined up to $500.

17. Prior to commencing this suit, counsel for plaintiffs again contacted the City to determine if the City intended to remove any campaign sign plaintiffs replaced. Counsel for the City indicated that City Ordinance § 74-16 gave the City the right to remove plaintiffs' campaign signs from the public rights-of-way and that if such signs were replaced, they would be removed.

18. City Ordinance § 74-16 provides that "No person shall, keep, maintain or post any private advertisement, poster or sign upon or on any beach or strand or public boardwalk, park, sidewalk, street or other public property or way within the limits of the city."

WIL:53189.3/999999-999999                  - 5 -

19. On City streets with curbs and sidewalks, the City owns the real property between the curb and the far side of the sidewalk. With respect to City streets without curbs and sidewalks, the City owns the real property extending at least 20 feet back from the edge of the street. Defendants removed several of plaintiffs' campaign signs which had been placed in the City's property while leaving in place other campaign, commercial and community signs erected in the same area.

20. Historically, the City has not attempted to enforce § 74-16 with respect to campaign signs and has not removed such signs from City property and rights-of-way in the past.

### PLAINTIFFS ARE FACED WITH IRREPARABLE HARM

21. The election is scheduled to occur on August 13, 2005. An five-term, 15 year tenured, established incumbent currently holds the seat that plaintiff Sokolove hopes to win in the election. An appointee of the Mayor, the Planning Commission Chairman, is one of the candidates the other individual plaintiffs are running against. To establish name recognition and overcome voter bias favoring incumbents, the individual plaintiffs have to make their names known in the community. Given the nature of the offices in dispute, campaign signs are the only economically reasonable and rationale means of gaining name recognition.

22. If plaintiffs are not permitted to erect their signs and if defendants are not enjoined from removing plaintiffs' campaign signs, plaintiffs will suffer irreparable harm by being precluded from gaining name recognition and exercising their right to Free Speech. A fully informed, knowledgeable electorate is necessary to the proper functioning of a democratic society. To avoid imposing irreparable injury on plaintiffs and to avoid having less than fully

WIL:53189.3/999999-999999                - 6 -

informed and unknowledgeable voters, defendants must be enjoined from any further attempts to remove the plaintiffs' campaign signs.

23. Plaintiffs have no adequate remedy at law.

### COUNT I
### VIOLATION OF CONSTITUTIONAL RIGHTS

24. Plaintiffs restate and reallege each of the foregoing paragraphs as if fully set forth herein.

25. Plaintiffs right to engage in free speech, including the right to erect campaign signs in the City, is protected by the First Amendment to the Constitution of the United States of America.

26. Defendants are bound by the Fourteenth Amendment to the Constitution of the United States of America to uphold the First Amendment to the Constitution of the United States of America.

27. Defendants have deprived plaintiffs of their right to engage in free speech by activities including, but not limited to:

    (a) adopting City Ordinance § 74-16, a Constitutionally invalid ordinance which impermissibly restricts plaintiffs' right to engage in free speech;

    (b) removing plaintiffs' campaign signs from private property located within the City;

    (c) removing plaintiffs' campaign signs from public rights-of-way located within the City;

   (d) enforcing City Ordinance § 74-16 in a Constitutionally impermissible and discriminatory manner; and

   (e) threatening plaintiffs with unlawful citation and fines for placing campaign signs in the City.

  28. Plaintiffs have advised defendants that they are violating plaintiffs' rights. Defendants have failed to cease their unlawful conduct and stated their intent to continue to violate plaintiffs' rights.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1983

  29. Plaintiffs restate and reallege each of the foregoing paragraphs as if fully set forth herein.

  30. On information and belief, the City adopted a policy to remove plaintiffs' campaign signs from property located within the City.

  31. Mr. Ferrese acted in his capacity as the manager of the City and instructed employees of the Building and Licensing department to remove plaintiffs' campaign signs.

  32. Plaintiffs' were deprived of their constitutional right to free speech as a result of the City's policy and Mr. Ferrese's implementation thereof.

  WHEREFORE, plaintiffs respectfully request that the Court enter an order:

   (a) temporarily, preliminarily and permanently enjoining defendants from unlawfully removing plaintiffs' campaign signs from private property located in the City or from public rights-of-way located in the City;