# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT SOKOLOVE, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-514-KAJ |
| | ) | |
| CITY OF REHOBOTH BEACH, | ) | |
| DELAWARE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION
## FOR PARTIAL SUMMARY JUDGMENT

Shawn P. Tucker (#3326)
Todd C. Schiltz (#3253)
Wolf, Block, Schorr & Solis-Cohen LLP
1100 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 777-0312
tschiltz@wolfblock.com
Attorneys for Plaintiffs

Date:  November 17, 2005

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 2

I.    DEFENDANTS VIOLATED PLAINTIFFS' CONSTITUTIONAL RIGHTS
      DURING THE 2005 MUNICIPAL ELECTION ................................................... 2

II.   DEFENDANTS HAVE CONTINUED TO SELECTIVELY
      ENFORCE THE ORDINANCE AFTER THE ELECTION ................................. 3

      A.    Preferred Signs Remain Standing In Violation Of The Ordinance ............... 3

      B.    Plaintiffs' Motion Is Not Premature ........................................................... 6

III.  DEFENDANTS' CONTINUING CONDUCT MUST BE ENJOINED ................ 9

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

## Cases

Ankele v. Hambrick, 286 F. Supp.2d 485 (E.D. Pa. 2003)...............................................3

Blair v. Scott Specialty Gases, 283 F.3d 595 (3d Cir. 2002)..........................................5

Doe v. Miller, 216 F.R.D. 462 (S.D. Iowa 2003) ...........................................................10

Elrod v. Burns, 427 U.S. 347 (1976) .............................................................................10

Holder v. City of Allentown, 987 F.2d 188 (3d Cir. 1993) ..............................................9

LaRouche v. Webster, 175 F.R.D. 452 (S.D.N.Y. 1996) .................................................6

Lawson v. City of Kankakee, Illinois, 81 F. Supp.2d 930 (C.D. Ill. 2000) .....................9

Logan v. Liberty Healthcare Corp., 416 F.3d 877 (8th Cir. 2005) .................................5

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)..............5

Prudential Ins. Co. of America v. Massaro,
        2001 WL 1176541 (D. N.J. Aug. 11, 2000) ......................................................10

SEC v. Bonastia, 614 F.2d 908 (3d Cir. 1980) ...............................................................5

Smith v. Van Gorkum, 488 A.2d 858 (Del. 1985)...........................................................8

Sokolove v. City of Rehoboth Beach, Delaware,
        C.A. No. 05-514 (KAJ) (D. Del. July 28, 2005)...............................................4

Thomas v. County of Los Angeles, 978 F.2d 504 (9th Cir. 1992) .................................10

## Rules and Statutes

FRCP 56(a) .....................................................................................................................7

### INTRODUCTION[1]

On October 18, 2005, plaintiffs filed their Opening Brief In Support Of Their Motion For Partial Summary Judgment arguing that the Court should issue an Order declaring that: (i) defendants violated plaintiffs' constitutional rights by selectively enforcing the Ordinance during the City's 2005 municipal election, (ii) defendants' selective enforcement of the Ordinance has continued subsequent to the election, and (iii) defendants' continued selective enforcement must be permanently enjoined.

Defendants submitted their answering brief on November 8, 2005. Defendants' brief fails to address plaintiffs' argument that defendants violated plaintiffs' constitutional rights by selectively enforcing the Ordinance during the City's 2005 municipal election. Defendants' head-in-the-sand approach to this issue only confirms what plaintiffs have been alleging and the Court preliminarily found: there is no grounds on which defendants' unconstitutional, selective enforcement of the Ordinance during the 2005 municipal election can be justified. Judgment should be entered declaring that defendants violated plaintiffs' constitutional rights during the 2005 municipal election.

---

[1] Terms used herein are used in the manner defined in Plaintiffs' Opening Brief In Support Of Their Motion For Partial Summary Judgment ("Pl. Br."). Defendants' Opening Brief In Opposition To Plaintiffs' Motion For Partial Summary Judgment is referred to herein as ("Def. Br.").

All portions of the evidentiary record cited herein were provided to the Court as support for Plaintiffs' Opening Brief In Support Of Their Motion For Partial Summary Judgment.

The answering brief did indirectly address plaintiffs' arguments that defendants have continued to selectively enforce the Ordinance subsequent to the election and that this continued selective enforcement must be permanently enjoined. While defendants do not ignore this aspect of plaintiff's motion, their counterarguments - that this aspect of the motion is premature, that material issues of fact preclude judgment in plaintiffs' favor and that permanent injunctive relief should not issue - do not bear scrutiny. Indeed, as demonstrated below, the motion is timely, Mr. Ferrese's self-serving, conclusory affidavit does not create a material issue if fact and a permanent injunction is the only form of relief which will put an end to defendants' unconstitutional conduct.

## ARGUMENT

## I.    DEFENDANTS VIOLATED PLAINTIFFS' CONSTITUTIONAL RIGHTS DURING THE 2005 MUNICIPAL ELECTION

In their opening brief, plaintiffs demonstrated that (i) the First Amendment prohibits selective enforcement of ordinances, like the Ordinance, which interfere with citizens' right to engage in free speech, (ii) the defendants selectively and arbitrarily enforced the Ordinance during the campaign season leading up to the 2005 municipal election, and (iii) defendants' selective enforcement of the Ordinance prior to the election violated plaintiffs' constitutional rights. (Pl. Br. at 4-11, 15-17).

Defendants do not dispute any of these propositions. Indeed, their answering brief is silent as to the events that occurred prior to the election, whether selective enforcement of the Ordinance is constitutionally permissible, whether their pre-election conduct comports with the Constitution and whether plaintiffs' constitutional rights were violated as a result of defendants pre-election conduct. Their silence waives any right defendants had to contest these matters.

Ankele v. Hambrick, 286 F. Supp.2d 485, 496 (E.D. Pa. 2003) ("Plaintiff makes no response to this argument [raised by defendant on its motion for summary judgment], and thus has waived his opportunity to contest it.").

Summary judgment should be entered in favor of plaintiffs on this issue and the Court should issue an Order declaring that defendants violated plaintiffs' constitutional rights by selectively enforcing the Ordinance during the City's 2005 municipal election.

## II.    DEFENDANTS HAVE CONTINUED TO SELECTIVELY ENFORCE THE ORDINANCE AFTER THE ELECTION

Plaintiffs' opening brief also demonstrated that defendants have continued to selectively enforce the Ordinance after the election.  (Pl. Br. at 12-13, 17-19).  Although defendants raise indirect arguments as to why summary judgment cannot be granted in favor of plaintiffs on this issue, they fail to address the main issue:  why does the City continue to allow certain private signs to remain standing on public property and right-of-way?  Defendants must bear the burden of their failure to address the issue presented by plaintiffs' motion.  Summary judgment should be awarded for plaintiffs and the Court should enter an Order declaring that the defendants have continued to selectively enforce the Ordinance since the election and, as a result, are continuing to violate plaintiffs' constitutional rights.

### A.    Preferred Signs Remain Standing In Violation Of The Ordinance

It is undisputed that certain signs - the Art League signs, the Village Improvement Association sign, the Oak Grove Trailer Park sign - which plaintiffs identified in connection with the preliminary injunction hearing have not been removed after the election.  Each of these is a private sign erected on public property or right-of-way within the limits of the City and, thus, violates the Ordinance.  (Plaintiffs' Exs. 20-22, 24; Hearing Tr. at 103, 154; Onizuk Dep. at 75-

76; Second Sokolove Aff. ¶ 4, 5, Exs. A, B, C, L; Sterl Aff. ¶ 2, Ex. 9). Indeed, Defendants have

not removed these signs even though the Court stated that the "rules of thumb" defendants rely

upon to justify their non-removal are unconstitutional.

> . . . whether signs for other non-profit organizations, like the community
> art league, are permissible - all these questions are, it seems, answered by
> unwritten 'rules of thumb' that only the City's cognoscenti know. That
> may be a satisfactory way of doing business as long as no one objects.
> But it is not a constitutionally valid way of doing business . . . and the day
> that someone would object should have been foreseen.

Sokolove v. City of Rehoboth Beach, Delaware, C.A. No. 05-514 (KAJ) (D. Del. July 28, 2005)

(Memorandum Opinion at 15-16 (citations omitted)).[2] Other preferred private signs erected in

the public right-of-way, including realtor signs listing properties "For Sale" and general

contractor signs advertising the services being performed at a particular location, also have been

allowed to remain standing. (Second Sokolove Aff. ¶ 4, Exs. D-K; Sterl Aff. ¶ 2, Exs. 1-13).[3]

---

[2]    Defendants have left the Art League signs standing even though the supervisor of the
City's Building and Licensing Department believes that they probably should be
removed. (Murphy Dep. at 4-5, 56-58).

[3]    Defendants contend that "the Plaintiffs focus on the conduct of City officials prior to the
Court's memorandum Order of July 28, 2005" to support plaintiffs' "position that 'these
practices are continuing today,'" (Def. Br. at 8), and that plaintiffs seek summary
judgment for post-election activity based "upon no factual record whatsoever" (Def. Br.
at 6). Defendants are incorrect. The evidence plaintiffs cited in support of their
contention that the defendants' selective enforcement "practices are continuing today"
was the Second Affidavit of Robert Sokolove and the Affidavit of Scott W. Sterl, both of
which attach photographs taken after the election showing private signs erected on public
property and right-of-way. (Pl. Br. at 14 citing Second Sokolove Aff. ¶ 4, 5, 6, Exs. A-K
and Sterl Aff. ¶ 2, Exs. 1-13). These pictures provide a clear, visual record of the manner
in which defendants are enforcing the Ordinance after the election.

In their answering brief, defendants offered no explanation or justification for why these signs do not violate the Ordinance. Rather than explain their rationale for allowing these signs to remain standing, defendants seek to avoid summary judgment by arguing there is a dispute as to a material issue of fact. (Def. Br. at 8-9). Yet, the only "evidence" they rely upon to create a material issue of fact is the affidavit of Gregory Ferrese, which, in pertinent part, provides that: "Since the issuance of the Court's Memorandum Opinion, City Ordinance § 74-16 . . . governing the allowable locations and placements of signage throughout the City of Rehoboth Beach, Delaware, has been enforced in accordance with its terms and the terms of the Court's Memorandum Opinion." (Ferrese Aff. ¶ 5).

With all due respect, Mr. Ferrese's affidavit contains nothing more than a self-serving, legal conclusion regarding the very issue the Court is being asked to address: have the defendants enforced the Ordinance according to its terms or in a selective, unconstitutional manner? An affidavit of this nature is insufficient to create a material issue of fact.

When a non-moving party seeks to defeat summary judgment due to the existence of disputes regarding material facts, the non-moving party bears the burden of coming forward with specific factual evidence demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Thus, "[a]n affidavit that is essentially conclusory and lacking in specific facts is inadequate to satisfy the movant [or non-movant]'s burden." Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002) (alterations in original, citations and quotations omitted). Likewise, "legal conclusions, unsupported by documentation of specific facts, are insufficient to create issues of material fact that would preclude summary judgment." SEC v. Bonastia, 614 F.2d 908, 914 (3d Cir. 1980). See also Logan v. Liberty Healthcare Corp., 416 F.3d 877, 882 (8th Cir. 2005) ("conclusory allegations,

standing alone, cannot create a genuine issue of material fact, precluding summary judgment")
(quotations omitted); LaRouche v. Webster, 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("When
ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also
be disregarded by the court").

The inadequacy of Mr. Ferrese's affidavit is demonstrated by the following question: if
the Ordinance is being enforced according to its terms as Mr. Ferrese says, then why has the City
decided to leave standing numerous private signs - the Art League signs, the Village
Improvement Association sign, the Oak Grove Trailer Park sign - erected on public property and
right-of-way?  Neither Mr. Ferrese's affidavit nor defendants answering brief answers this basic
question.  Given that the record demonstrates that such signs exist, the self-serving, conclusory
statement that defendants are enforcing the Ordinance in accordance with its terms is not
sufficient to preclude summary judgment.

## B.    Plaintiffs' Motion Is Not Premature

Defendants also argue that plaintiffs' motion for partial summary judgment should be
denied because (i) the parties have yet to engage in written or deposition discovery regarding
defendants' post-election activities (Def. Br. at 1, 4, 5), and (ii) plaintiffs purportedly have moved
for summary judgment on issues which were not alleged in plaintiffs' original verified complaint
(Def. Br. at 1, 5-7).  Neither of these arguments provides a basis to deny plaintiffs' motion for
partial summary judgment.

The fact the parties have not engaged in discovery regarding defendants' post-election
activities has no bearing on the pending motion.  Federal Rule of Civil Procedure 56(a) expressly
provides that "A party seeking to recover upon a claim . . . may, at any time after the expiration

of 20 days from the commencement of the action . . . move . . . for summary judgment in the party's favor . . . . " FRCP 56(a).  The rule makes no mention of the parties having to engage in discovery before a motion can be brought and conditions such a motion only on the passage of time - 20 days after the commencement of the suit.  Here, there is no dispute this condition was satisfied.

The insignificance of the lack of discovery regarding defendants' post-election conduct is made even more clear by the record plaintiffs compiled even without engaging in formal discovery.  The unrebutted evidence of record demonstrates that after the election defendants have continued to allow certain private signs - the Art League signs, the Village Improvement sign, the Oak Grove Trailer Park sign, realtor signs and contractor signs - to remain erected on public property or right-of-way in violation of the Ordinance.  (Second Sokolove Aff. ¶ 4, 5, 6, Exs. A-K and Sterl Aff. ¶ 2, Exs. 1-13).  Plaintiffs did not need discovery from defendants to demonstrate this as it was apparent to anyone walking the streets of the City.  What is not apparent, and is in fact perplexing, is why defendants did not introduce any facts or argument to explain why these signs do not violate the Ordinance.  Assuming there are such facts or arguments, they clearly were in defendants' control and defendants' failure to introduce them is entirely a circumstance of their own making.[4]

---

[4]    Mr. Ferrese's self-serving, conclusory affidavit is no substitute for specific facts or arguments as to why the Art League signs, the Village Improvement sign, the Oak Grove

Defendants' contention that the motion should be denied because "Plaintiffs have moved for summary judgment on issues that were not alleged in the Verified Complaint" is a red herring. The original verified complaint alleged that the defendants were enforcing the Ordinance in a unconstitutionally selective manner. To the extent the present motion relates to defendants' post-election conduct, the motion simply seeks an order declaring that the defendants have selectively enforced the Ordinance in an unconstitutional manner - the very claim alleged in the original complaint - during a period which post dated the filing of the original complaint. The fact that the original complaint did not expressly mention defendants' post-election conduct is neither surprising - it had not occurred at the time - nor problematic for the present motion as plaintiffs are simply applying the claim alleged in the original complaint - improper selective enforcement - to facts which developed after the filing of the original complaint.

Moreover, assuming for the sake of argument that plaintiffs' pleading had to expressly mention defendants' post-election selective enforcement of the Ordinance in order for plaintiffs to obtain summary judgment based on this improper conduct, plaintiffs' filing of an Amended and Supplemental Verified Complaint cures any defect. As defendants recognize, the amended

---

Trailer Park sign, the realtor "For Sale" signs and the contractor signs do not violate the Ordinance. Indeed, plaintiffs are entitled to a presumption that there are no facts or arguments that support defendants post-election selective enforcement practices. Smith v. Van Gorkum, 488 A.2d 858, 878 (Del. 1985) ("It is a well established principle that the production of weak evidence when strong is, or should have been, available can lead only to the conclusion that the strong would have been adverse").

verified complaint expressly alleges that defendants have continued to selectively enforce the Ordinance after the election and seeks permanent injunctive relief to put an end to this conduct. (Def. Br. 5-6). Hence, the issues are clearly before the Court and the Court can rule on plaintiffs' motion to the extent it seeks summary judgment regarding defendants' post-election conduct.

## III.    DEFENDANTS' CONTINUING CONDUCT MUST BE ENJOINED

The record demonstrates that plaintiffs have established each element for obtaining permanent injunctive relief and, as a result, defendants must be permanently enjoined from continuing to selectively enforce the Ordinance.

Plaintiffs have demonstrated actual success on the merits of their claim that defendants are continuing to selectively enforce the Ordinance. Signs which violate the Ordinance remain erected on public property and right-of-way and defendants have offered no explanation of why this is permissible. Defendants continued selective enforcement of the Ordinance, a restriction on free speech, is prohibited by the First Amendment and is unconstitutional. (Pl. Br. at 14, 17-19); Holder v. City of Allentown, 987 F.2d 188, 197 (3d Cir. 1993) ("discriminatory enforcement of a statute or law by state and local officials is unconstitutional"); Lawson v. City of Kankakee, Illinois, 81 F. Supp.2d 930, 935-36 (C.D. Ill. 2000) (city engaged in unconstitutional selective enforcement of ordinance when it removed plaintiff's sign from public property but left standing signs of realtors and churches located in same area).

Plaintiffs also face irreparable injury as a result of defendants' continuing selective enforcement. Plaintiffs and most other citizens of the City are being denied the right to erect private signs on public property and rights-of-way due to defendants' enforcement of the Ordinance while certain other preferred groups, entities and individuals are free to erect their

signs in the same area. This selective enforcement violates the impaired parties' First Amendment rights and, thus, plaintiffs and most other citizens currently are suffering irreparable harm. Elrod v. Burns, 427 U.S. 347, 373 (1976) ("the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"). Moreover, plaintiffs Robert Sokolove and Citizens for Rehoboth Beach will run for office and/or support political candidates in the future and will be subject to defendants' selective enforcement efforts at that time. This future irreparable harm justifies the entry of a permanent injunction. Prudential Ins. Co. of America v. Massaro, 2001 WL 1176541 at *17 (D. N.J. Aug. 11, 2000) (permanently enjoining defendant based on plaintiff's showing of threat of future irreparable injury) (Ex. A). See also Thomas v. County of Los Angeles, 978 F.2d 504, 508 (9th Cir. 1992) ("A state law enforcement agency may be enjoined from committing constitutional violations where there is proof that officers within the agency have engaged in a persistent pattern of misconduct").

The entry of a permanent injunction also is in the public interest. Defendants have violated and are continuing to violate the Constitution. The public has an interest is seeing that constitutional violations are remedied. Doe v. Miller, 216 F.R.D. 462, 471 (S.D. Iowa 2003) ("it is always in the public interest to prevent a violation of a party's constitutional rights") (citations omitted).

Each of the elements for permanent injunctive relief is satisfied here and an appropriate Order should issue.

Notably, contrary to defendants' suggestion (Def. Br. at 11), plaintiffs' Motion for Partial Summary Judgment does not seek to enjoin defendants from enforcing the Ordinance. Rather,

plaintiffs seek an Order which prevents defendants from selectively enforcing the Ordinance. This objective can be accomplished either by the entry of a permanent injunction which generally prohibits defendants from selectively enforcing the Ordinance or by the entry of an Order which directs the defendants to remove private signs which violate the Ordinance - the Art League signs, the Village Improvement Association signs, the Oak Grove Trailer Park sign, the realtor signs and the contractor signs - and which defendants have elected not to remove.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Plaintiffs' Opening Brief In Support Of Their Motion For Partial Summary Judgment, plaintiffs respectfully request that the Court enter an Order declaring that: (i) defendants violated plaintiffs' constitutional rights by selectively enforcing the Ordinance during the City's 2005 municipal election, (ii) defendants' selective enforcement of the Ordinance has continued subsequent to the election, and (iii) defendants' continued selective enforcement must be permanently enjoined or they must be specifically directed to remove the Art League signs, the Village Improvement Association sign, the Oak Grove Trailer Park sign, the realtor signs and the contractor signs and all other private signs which violate the Ordinance.

Shawn P. Tucker (#3326)
Todd C. Schiltz (#3253)
Wolf, Block, Schorr & Solis-Cohen LLP
1100 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 777-0312
tschiltz@wolfblock.com
Attorneys for Plaintiffs

Date: November 17, 2005

WIL:55122.1/sok014-230196                                    - 11 -