UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SOKOLOVE, DAVID MCCARTHY, WILLIAM SHIELDS and CITIZENS FOR REHOBOTH BEACH, a political committee,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF REHOBOTH BEACH, DELAWARE and GREGORY FERRESE, individually and as Manager of the City of Rehoboth Beach, Delaware,<br><br>Defendants. | Case No. 05 - 514 |

**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED AND SUPPLEMENTAL
<u>VERIFIED COMPLAINT WITH SEPARATE DEFENSES</u>**

Defendants, City of Rehoboth Beach, Delaware and Gregory Ferrese, by and through their counsel, Marshall, Dennehey, Warner, Coleman & Goggin, hereby respond to plaintiffs' Complaint as follows:

<u>**PRELIMINARY STATEMENT**</u>

Defendants object to the introductory paragraph of plaintiffs' Verified Complaint to the extent that it is simply gratuitous and conclusory, containing material that is entirely impertinent. In addition, plaintiffs' representations concerning their candidacy in an August 13, 2005 election are now obsolete and moot.

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

4. Denied. Answering defendants are unable to admit or deny the allegations within this paragraph of plaintiff's Amended and Supplemental Verified Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

## DEFENDANTS REMOVE PLAINTIFFS' CAMPAIGN SIGNS

9. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

10. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

11. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

12. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

13. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

14. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

15. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

16. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

17. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

18. Denied as a legal conclusion to which no further response is necessary.

19. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

20. Denied as pled.

21. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

22. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

23. The United States District Court for the District of Delaware's Memorandum Opinion speaks for itself to which no further response is necessary.

24. Denied.

25. Denied. Answering defendants are unable to admit or deny the allegations within this paragraph of plaintiff's Amended and Supplemental Verified Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

26. Denied. Answering defendants are unable to admit or deny the allegations within this paragraph of plaintiff's Amended and Supplemental Verified Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

27. Denied. Answering defendants are unable to admit or deny the allegations within this paragraph of plaintiff's Amended and Supplemental Verified Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

28. Denied as a legal conclusion to which no further response is necessary.

29. Denied as a legal conclusion to which no further response is necessary.

30. Denied as pled.

31. Denied as pled.

## COUNT I

32. Answering defendants hereby repeat the responses to the allegation within paragraphs 1 through 31 of plaintiffs' Verified Complaint as if set forth herein at length.

33. Inasmuch as the allegations within this paragraph of plaintiff's Complaint constitute legal conclusions no response is necessary.

34. Inasmuch as the allegations within this paragraph of plaintiff's Complaint constitute legal conclusions no response is necessary.

35(a) – (e).   Denied.

36. Denied.

## COUNT II

37. Answering defendants hereby repeat the responses to the allegations within paragraphs 1 through 36 of plaintiffs' Verified Complaint as if set forth herein at length.

38. Denied as a legal conclusion to which no further response is necessary.

39. Denied as pled. By way of further response, defendants refer to the record created at the July 26, 2005 preliminary injunction hearing.

40. Denied as pled.

41.     Denied.

WHEREFORE, answering defendants hereby request that this Honorable Court dismiss plaintiff's Verified Complaint and enter judgment in favor of the defendants.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiffs have shown no valid civil rights violations and therefore have failed to meet the statutory requirements of 42 U.S.C. §1981, 1983, 1985, 1986 and 1988.

### SECOND SEPARATE DEFENSE

That portion of plaintiffs' verified complaint alleging the violation of 42 U.S.C. §1983 is insufficient and must therefore be dismissed. To the extent that the allegations relate to an August 13, 2005 election which has now been concluded, the allegations are broad and conclusory and fail to state sufficient facts in support of their conclusion. In this Circuit, plaintiffs in civil rights actions are required to plead facts with specificity. **Negrich v. Horn,** 379 F.2d 213 (3rd Cir. 1967), see also, **Rotolo v. Burough of Chrleroi,** 522 F.2d 920 (3rd Cir.1976).

### THIRD SEPARATE DEFENSE

Since the August 13, 2005 election upon which plaintiff's Complaint was predicated has been concluded, the allegations in the Complaint are moot and/or obsolete, thereby rendering the pleading baseless in both law and fact. Answering defendants therefore demand damages in the form of costs pursuant to 28 U.S.C. 1928. No one after reasonable inquiry could form a reasonable belief that the pleading is warranted by existing law, nor is there any good faith argument for the extension, modification or reversal of existing law. See, **Eavenson Auchmuty**

**and Greenwald v. Holtzman,** 775 F.2d 535 (3rd Cir. 1985), cf **Haines v. Kerner,** 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2nd 652 (1972).

### FOURTH SEPARATE DEFENSE

Individual defendant, Gregory Ferrese, hereby asserts the defense of qualified immunity as articulated in **Harlow v. Fitzgerald,** 457 U.S. 800 (1982) and subsequent decisions.

### FIFTH AFFIRMATIVE DEFENSE

Defendant, Gregory Ferrese, asserts that he has not violated clearly established law and at all times concerned with this litigation acted in a manner which was proper, reasonable, lawful and in the exercise of good faith, and, as such, enjoys not only qualified immunity but a right not to go to trial as articulated in **Mitchell v. Forsyth,** 105 S. Ct. 2806 (1985).

### SIXTH AFFIRMATIVE DEFENSE

Defendant, Gregory Ferrese, asserts, in the alternative, either that under the facts alleged or to be developed that he was acting individually and within the confines or boundaries of qualified immunity, or, alternatively, that to the extent that he is named in his official capacity, those claims should be dismissed. **Brandon v. Holt,** 469 U.S. 464 (1985); **Gregory v. Chechi,** 843 F.2d 111 (1988).

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs claims for punitive damages against both the City of Rehoboth Beach and the individual defendant in his official capacity are barred by State and Federal law. **City of New Port v. Fact Concerts, Inc.**, 101 S. Ct. 2748 (1987).

### EIGHTH AFFIRMATIVE DEFENSE

It is averred that collateral estoppel and res judicata applied to bar litigation of issues formally adjudicated concerning plaintiffs' allegations.

## NINTH AFFIRMATIVE DEFENSE

Defendants herein assert all other defenses available to them under the Civil Rights Act of 1871.

                                **MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

                                BY: /s/ Daniel A. Griffith
                                    DANIEL A. GRIFFITH, ESQUIRE
                                    I.D. No. 4209
                                    1220 N. Market St., Suite 5th Floor
                                    P.O. Box 8888
                                    Wilmington, DE 19899-8888
                                    (302) 552-4317

Date: December 1, 2005                    Email: dgriffith@mdwcg.com

## **CERTIFICATE OF SERVICE**

I, **DANIEL A. GRIFFITH**, hereby certify that on this   1st   day of   December  , 2005, caused two (2) copies of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT WITH SEPARATE DEFENSES** to be served by regular mail on counsel for the parties at the following address:

Shawn Tucker, Esquire
Duane Morris LLP
1100 North Market Street,
Suite 1200
Wilmington, DE 19801-1246


**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**


BY:   /s/ Daniel A. Griffith
         DANIEL A. GRIFFITH, ESQUIRE
         I.D. No.  4209
         1220 N. Market St., 5th Floor
         P.O. Box 8888
         Wilmington, DE  19899-8888
         (302) 552-4317


**DATED:  December 1, 2005**

\15_A\LIAB\JVWORK\LLPG\320755\JVWORK\20021\00101