

Wilmington Trust Center, 1100 North Market Street, Suite 1001, Wilmington, DE 19801
Tel: (302) 777-5860 ■ Fax: (302) 777-5863 ■ www.WolfBlock.com

Todd C. Schiltz
Direct Dial: (302) 777-0312
Direct Fax: (302) 778-7812
E-mail:    tschiltz@wolfblock.com

January 3, 2006

**VIA HAND DELIVERY**

Honorable Kent A. Jordan
United States District Court
844 King Street
Room 6325
Wilmington, DE 19801

    Re:    Sokolove v. City of Rehoboth Beach, Delaware
            C.A. No. 05-514 (KAJ)

Dear Judge Jordan:

    Plaintiffs Robert Sokolove, David McCarthy, Robert Shields and Citizens for Rehoboth Beach submit this interim status report in accordance with the October 13, 2005 Scheduling Order. As detailed below, plaintiffs request that discovery in this matter be stayed until the Court rules on plaintiffs' Motion for Partial Summary Judgment which is fully briefed and pending before the Court.

**Nature and Stage of the Proceedings**

    Plaintiffs initiated this suit on July 21, 2005, alleging defendants violated their constitutional rights by selectively enforcing a facially invalid city ordinance which, by its express terms, allows defendant City of Rehoboth Beach, Delaware ("City") to erect signs on public property and rights of way but precludes any private party from erecting signs on the same areas.

    As defendants' efforts to enforce the ordinance were impacting the plaintiffs' campaign efforts in the City's 2005 election, the Court scheduled a preliminary injunction hearing on plaintiffs' claims. The parties engaged in expedited discovery and a hearing was held on July 26, 2005. On July 28, 2005, the Court issued a memorandum opinion preliminarily concluding that the ordinance was not facially invalid but that the defendants had selectively enforced the ordinance in a manner which violated plaintiffs' constitutional rights.

WIL:56603.2/sok014-230196

Judge Jordan
January 3, 2006
Page 2

Counsel for defendants' insurance carrier then entered its appearance and on October 5, 2005, the parties and the Court participated in a Rule 16 scheduling conference which resulted in the Court entering the Scheduling Order. The Scheduling Order provides that all discovery in this matter will be completed on or before February 28, 2006. Trial will not commence until October 30, 2006.

On October 18, 2005, plaintiffs filed their Motion for Partial Summary Judgment arguing that summary judgment should be entered on plaintiffs' claims that (i) the defendants selectively enforced the ordinance during the period leading up to the 2005 election, (ii) such selective enforcement had continued subsequent to the 2005 election and (iii) defendants' selective enforcement violated plaintiffs' constitutional rights.

Defendants responded to the Motion for Partial Summary Judgment on November 8, 2005. Defendants' answering brief neither addressed plaintiffs' argument that defendants violated plaintiffs' constitutional rights in the days leading up to the 2005 election nor responded to the merits of plaintiffs' argument that the selective enforcement continued post election. Plaintiffs filed their reply brief on November 17, 2005 and the matter is pending before the Court.

### Discovery and Attorney Fees

The parties have engaged in limited discovery with plaintiffs serving out interrogatories, requests for admission and requests for documents. Defendants have not propounded any written discovery requests but recently requested that plaintiffs provide dates for depositions of each of the three individual plaintiffs and a representative of Citizens for Rehoboth Beach. Plaintiffs believe they will need to depose defendant Gregory Ferrese, a representative of the City with knowledge regarding numerous topics and other representatives of the City with pertinent knowledge.

The parties also have attempted to settle this dispute. In the course of these discussions, it became clear that the issues of plaintiffs' attorney fees, defendants' potential liability for such fees and the extent of such liability are matters as to which the parties disagree.

### Discovery Should Be Stayed

If plaintiffs prevail on their pending Motion for Partial Summary Judgment, the majority of which defendants did not even respond to, the issues in this case will be substantially narrowed. The narrowing of issues will reduce the scope of any depositions which, in turn, will reduce the fees and expenses associated with such discovery.

Judge Jordan
January 3, 2006
Page 3

Given the nature of the dispute and the parties involved, the parties and the Court have expressed a desire to limit fees and expenses to the extent possible. Staying discovery until after the Court rules on the pending Motion for Partial Summary Judgment will serve that goal. Moreover, resolution of the pending motion will give the parties greater insight into the strength of their claims or defenses and may help the parties resolve their dispute.

Staying discovery will not cause defendants to suffer any prejudice. Trial in this matter is scheduled for October 30, 2006 and staying discovery until the Court rules on the motion and extending discovery beyond the current cut-off date, February 28, does not impair any party's ability to prepare for trial. Rather, if the goals are to reduce attorney fees and costs and defendants' ultimate potential exposure for such fees and costs, staying discovery only fosters such goals while giving the Court sufficient time to resolve the pending motion.

### The Pending Motion For Partial Summary Judgment

One important fact has arisen which plaintiffs believe the Court should be aware of as it considers the pending Motion for Partial Summary Judgment.

The ordinance at issue, City Ordinance § 74-16, was adopted by the City Commissioners in August 1995 as former city code section 3-18. The ordinance reads as follows:

> No person shall keep, maintain or post any private advertisement, poster or sign upon or on any beach or strand or public boardwalk, park, sidewalk, street or other public property or way within the limits of the city.

The minutes of the meeting of the City Commissioners, attached as Exhibit A, reflect that, at the time the Commissioners approved the ordinance, Commissioner Cochran questioned whether the ordinance included political signs within its scope. In response to this question, the minutes reflect that Mayor Cooper stated:

> the City can't prohibit them unless they are obstructing the view, etc. It is freedom of speech.[1]

---

[1] Prior to the preliminary injunction hearing plaintiffs served formal discovery requests on defendants asking them to produce all documents identifying why the City adopted the ordinance and any policies, procedures or guidelines the City followed to enforce the ordinance. Notwithstanding these requests, the minutes from the August 1995 City Commissioner meeting were not produced before the preliminary injunction hearing and

Judge Jordan
January 3, 2006
Page 4

    Plaintiffs' campaign signs were removed even when such signs did not obstruct any view. Thus, defendants' selective enforcement of the ordinance pre-election ignored the express intent of the City Commissioners at the time the ordinance was adopted. Defendants' complete disregard for the City Commissioners' intent when passing the ordinance - i.e., do not remove political signs unless they obstruct the view because otherwise you are violating a right to free speech - demonstrates what plaintiffs have been saying all along: defendants' selective enforcement practices are improper, unfair and violate plaintiffs' constitutional rights.

    For the foregoing reasons, plaintiffs respectfully request that the Court stay discovery until after the Court rules on the pending Motion for Partial Summary Judgment and extend the current discovery cut-off past February 28, 2006.

Respectfully,

*[signature]*

Todd C. Schiltz (I.D. No. 3253)
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

TCS/ck
Attachment

cc:    Clerk of the Court (w/attachment, via e-filing)
       Walter Speakman, Esquire (w/attachment, via first-class mail)
       Daniel Griffith, Esquire (w/attachment, via hand-delivery)

---

    were only produced in response to plaintiffs' more recent document and interrogatory requests.

WIL:56603.2/sok014-230196