*Exhibit "A"*

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SOKOLOVE, DAVID MCCARTHY, WILLIAM SHIELDS and CITIZENS FOR REHOBOTH BEACH, a political committee, | ) ) ) ) |
| Plaintiffs, | ) Case No. 05 - 514 ) |
| v. | ) ) |
| CITY OF REHOBOTH BEACH, DELAWARE and GREGORY FERRESE, individually and as Manager of the City of Rehoboth Beach, Delaware, | ) ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

Defendants, City of Rehoboth Beach, Delaware and Gregory Ferrese, by and through their counsel, Marshall, Dennehey, Warner, Coleman & Goggin, pursuant to the Federal Rule of Civil Procedure hereby respond to Plaintiffs' Request for Admissions as follows:

1.    Admit that the Ordinance prohibits individuals and entities from erecting private signs on public property or public right of way located within the limits of the City.

RESPONSE:    After reasonable investigation, Answering Defendants are unable to admit or deny this Request for Admission inasmuch as it seeks a legal conclusion. In addition, the terms of the Ordinance speak for themselves and require no admission or denial concerning what they say.

2.    Admit that signs erected by the City currently are located on public property or public right-of-way located with the limits of the City.

RESPONSE:    Admitted.

3.    Admit that the sign for the Convention Center located in the middle of Rehoboth Avenue is located on public property or right-of-way.

RESPONSE:  Admitted.

4.    Admit that advertisements for private events have been displayed on the convention center sign located in the middle of Rehoboth Avenue.

RESPONSE:  Admitted.

5.    Admit that on or about July 9, 2005 representatives of the City removed plaintiffs' campaign signs from public property or right-of-way  located within the limits of the City.\

RESPONSE:  Admitted.

6.    Admit that the Ordinance is the only statute, code ordinance, regulation which you contend authorized representatives of the City to remove plaintiffs' campaign signs.

RESPONSE:  Admitted in part.  Denied in part.  It is admitted that Defendants removed plaintiffs' campaign signs pursuant to the Ordinance at issue.  It is denied that the Ordinance is the only legal authority concerning Defendants' removal of Plaintiffs' campaign signs.

7.    Admit that within the limits of the City there are in excess of 30 signs for the "Art League" attached to street sign poles.

RESPONSE:  It is admitted that within the limits of city there are numerous signs for the "Art League" attached to street sign poles, although Defendants are unaware of the exact number of these signs.

8.    Admit that the street sign poles to which the "Art League" signs are attached are located on public property or right of way within the limits of the City.

RESPONSE:  Admitted.

9.    Admit that the Village Improvement Association sign shown in Exhibit L to the Second Affirmative of Robert Sokolove is located on public property or right-of-way within the limits of the City.

RESPONSE:  Answering Defendants cannot vouch for the authenticity or accuracy of the photograph referenced in this Request inasmuch as Answering Defendants did not take the photograph.  Nevertheless, Defendants admit that the area shown in the photograph appears to be located on public property or right-of-way within the limits of the city.

10.    Admit that the Oak Grove Trailer Park sign shown in Exhibit C to the Second Affidavit of Robert Sokolove is located on public property or right-of-way within the limits of the City.

RESPONSE:  Answering Defendants cannot vouch for the authenticity or accuracy of the photograph referenced in this Request inasmuch as Answering Defendants did not take the photograph.  Nevertheless, Defendants admit that the area shown in the photograph appears to be located on public property or right-of-way within the limits of the city.

11.    Admit that the signs shown on Exhibits D through K of the Second Affidavit of Robert Sokolove are located on public property or right-of- way within the limits of the City.

RESPONSE:  Answering Defendants cannot vouch for the authenticity or accuracy of the photograph referenced in this Request inasmuch as Answering Defendants did not take the photograph.  Nevertheless, Defendants admit that the area shown in the photograph appears to be located on public property or right-of-way within the limits of the city.

12.    Admit that the signs shown on Exhibits 1 through 13 of the Affidavit of Scott W. Sterl are located on public property or right of way within the limits of the City.

RESPONSE:   Answering Defendants cannot vouch for the authenticity or accuracy of the photograph referenced in this Request inasmuch as Answering Defendants did not take the photograph.  Nevertheless, Defendants admit that the area shown in the photograph appears to be located on public property or right-of-way within the limits of the city.

                    MARSHALL, DENNEHEY, WARNER,
                    COLEMAN & GOGGIN


          BY:   /s/ Daniel A. Griffith, Esquire
                DANIEL A. GRIFFITH, ESQUIRE
                DE ID # 4209
                1220 N. Market St., 5th Floor
                P.O. Box 8888
                Wilmington, DE  19899-8888
                *Attorney for Defendants,*
                City of Rehoboth Beach and
                Gregory Ferrese


DATED: December 13, 2005

\15_A\LIAB\DAGRIFFITH\SLPG\322891\LAREFNER\20021\00101

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SOKOLOVE, DAVID MCCARTHY, WILLIAM SHIELDS and CITIZENS FOR REHOBOTH BEACH, a political committee, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF REHOBOTH BEACH, DELAWARE and GREGORY FERRESE, individually and as Manager of the City of Rehoboth Beach, Delaware, <br><br> Defendants. | Case No. 05 - 514 |

## NOTICE AND CERTIFICATE OF SERVICE

I, **DANIEL A. GRIFFITH,** hereby certify that on this ___13th___ day of __December__, 2005, caused two (2) copies of the foregoing **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS,** to be served via E-File and by Fax on counsel for the parties at the following address:

Shawn Tucker, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

Eugene McKinley, Jr., Esq.
Fletcher, Heald & Hildreth, PLC
1300 North Market Street, 11th Fl.
Arlington, VA 22209

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _/s/ Daniel A. Griffith_____
      DANIEL A. GRIFFITH, ESQUIRE
      I.D. No. 4209
      1220 N. Market St., 5th Floor
      P.O. Box 8888
      Wilmington, DE 19899-8888
      (302) 552-4317

DATED: December 13, 2005
\15_A\LIAB\DAGRIFFITH\SLPG\322894\LAREFNER\15000\15000