A REGIONAL DEFENSE LITIGATION LAW FIRM

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
A PROFESSIONAL CORPORATION   www.marshalldennehey.com

PENNSYLVANIA
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

FLORIDA
Fort Lauderdale
Jacksonville
Orlando
Tampa

OHIO
Akron

**1220 N. Market St., 5th Floor, P.O. Box 8888 · Wilmington, DE 19899-8888**
**(302) 552-4300 · Fax (302) 651-7905**

**Direct Dial: (302) 552-4317**
**Email: dagriffith@mdwcg.com**



March 2, 2006

The Honorable Kent A. Jordan
United States District Court
District of Delaware
844 North King Street
Room 6325, Lock Box 18
Wilmington, DE 19801

      Re:    Robert Sokolove v. Rehoboth Beach
              Our File No: 20021-00101
              Case No: 05-514 KAJ

Dear Judge Jordan:

    Please accept this correspondence on behalf of Defendants in response to the Motion to Compel Discovery filed on behalf of all plaintiffs but presently pending on behalf of plaintiff Citizens for Rehoboth Beach ("CRB").[1] The Court has scheduled a discovery teleconference for Friday, March 3, 2006 at 4:30 p.m.

    Of the four discrete issues identified in CRB's February 28, 2006 letter, it is Defendants' position that three of the issues are moot and/or undisputed.

---

[1] Plaintiffs legal representation with respect to these discovery issues has been somewhat confusing. During the January 9, 2006 status conference, plaintiffs' counsel advised the Court and defense counsel that he may be withdrawing from the case. On February 27, 2006, a Notice of Appearance was filed by Chase Brockstedt, Esquire on behalf of the individual plaintiffs. (Docket entry 59). That same day, Mr. Brockstedt filed a Notice of Withdrawal. (Docket entry 60). Later that same day, Roger D. Landon, Esquire filed a Notice of Appearance on behalf of the individual plaintiffs. (Docket entry 61). The next day, Todd Schiltz, Esquire (who had been representing all the plaintiffs) wrote to the Court on behalf of Citizens for Rehoboth Beach ("CRB"). (Docket entry 62). Thus, while the discovery disputes at issue were originally between all plaintiffs and defendants, it appears that only CRB has brought this application.

The Honorable Kent A. Jordan
March 2, 2006
Page 2

---

### 1. Verification to Interrogatories

CRB complains that Defendants' discovery responses were not accompanied by Verifications. By correspondence dated February 28, 2006 (attached as Exhibit "A"), Defendants provided the requested Verifications (on behalf of each of the two Defendants) to CRB's counsel. This issue is therefore moot.

### 2. Document Production

Attached as Exhibit "B" is a copy of Plaintiffs' Request for Production of Documents and Defendants' Response. Plaintiffs' counsel had follow-up questions concerning the document production (certain of which are repeated in the pending application), which Defendants clarified by their February 28, 2006 correspondence (Exhibit "A"). The document production issue is, or should be, moot.

### 3. Insurance Policy

Defendants identified the existence of the subject insurance policy and have never expressed any objection to providing the insurance policy to Plaintiffs. The parties agreed that the claims representative for Defendants' insurance carrier would bring the subject insurance policy to the December 8, 2005 Mediation Conference. The claims representative did, in fact, bring a copy of an insurance policy on behalf of Defendants to the Mediation Conference on that date. Unfortunately, it was discovered at that time that the policy which was brought to the conference was for a policy period which had expired just before the July, 2005 events at issue.

As a consequence, upon his return to his office, the claims representative ordered a copy of the policy for the appropriate period. Defense counsel was advised on this date that the policy was mailed today and should arrive Monday or Tuesday of next week. Defendants have no objection to the entry of an Order compelling it's production.

### 4. Defendants' Response to Requests for Admissions

Attached as Exhibit "C" is a copy of Plaintiffs' Request for Admissions and Defendants' Responses. Rather than engage in prolix argument in this correspondence concerning the sufficiency of Defendants' responses, attached as Exhibit "D" is an exchange of e-mails among counsel on this point dated December 13 and 14, 2005. Defendants contend that the Responses to the Request for Admissions are sufficient.

> MARSHALL, DENNEHEY, WARNER,
> COLEMAN & GOGGIN
>
> BY:   /s/ Daniel A. Griffith, Esquire
> **DANIEL A. GRIFFITH, ESQUIRE**
> ID No. 4209
> 1220 North Market St., 5th Floor
> P.O. Box 8888
> Wilmington, DE  19899-8888
> *Attorney for Defendants*

The Honorable Kent A. Jordan
March 2, 2006
Page 3

---

DAG/baj
Attachments
cc:    Roger Landon, Esquire
        Todd Schiltz, Esquire
\15_A\LIAB\DAGRIFFITH\CORR\338007\BAJOHNSON\20021\00101