# EXHIBIT A

1) The Commissioners' actions, communications and discussions with respect to the Ordinance at the August 11 Meeting.

2) The reasons why the Commissioners adopted the Ordinance.

3) If the City so contends, the bases for its contention that the Ordinance was adopted to address concerns regarding aesthetics and safety.

4) The authenticity and accuracy of the minutes of the August 11 Meeting.

5) The number of private events which have been advertised on the marquee of the City's Convention Center sign over the past five years.

6) Any decisions, agreements, statements, directives or instructions made or issued by the Commissioners regarding the manner in which the Ordinance should be enforced, including the identity of the Commissioner making or issuing the decisions, agreements, statements, directives or instructions as well as the approximate date such decisions, agreements, statements, directives or instructions were made.

7) Any decisions, agreements, statements, directives or instructions made or issued by the City Administrator regarding the manner in which the Ordinance should be enforced, including the approximate date such decisions, agreements, statements, directives or instructions were made.

8) Any directives or instructions made or issued by any employee or representative of the City other than the Commissioners or the City Administrator regarding the manner in which the Ordinance should be enforced, including the identity of the employee or representative of the City making or issuing the decisions, agreements, statements, directives or instructions as well as the approximate date such decisions, agreements, statements, directives or instructions were made.

9) The manner in which the City has enforced the Ordinance from its adoption to the present, including the identity of the individual(s) who determined the manner in which the Ordinance should be enforced during this period, the date of any change in the manner of enforcement, the individual(s) responsible for deciding to change the manner of enforcement and the substance of any change in the manner of enforcement.

10) The standards or criteria the City has employed since the adoption of the Ordinance to the present to determine whether a sign violates the Ordinance.

11) The identity of the individual(s) who established the standards or criteria the City has employed since the adoption of the Ordinance to the present to determine whether a sign violates the Ordinance.

12) The standards or criteria the City has employed since the adoption of the Ordinance to the present to determine whether a sign that violates the Ordinance should be removed.

13) The manner in which the City determines where the public property and public rights-of-way are located within the City.

14) The location of public property and public rights-of-way within the City.

15) Whether the "Art League" signs erected on street signs in the City violate the Ordinance.

16) If the City contends that the "Art League" signs do not violate the Ordinance, the bases of that contention, including identifying the section of the City Code which the City contends allows the "Art League" signs to remain erected notwithstanding the Ordinance.

17) Whether the Village Improvement Association sign shown in Exhibit L to the Second Affidavit of Robert Sokolove violates the Ordinance.

18) If the City contends that the Village Improvement Association sign shown in Exhibit L to the Second Affidavit of Robert Sokolove does not violate the Ordinance, the bases of that contention, including identifying the section of the City Code which the City contends allows the Village Improvement sign to remain erected notwithstanding the Ordinance.

19) Whether the Oak Grove Trailer Park sign shown in Exhibit C to the Second Affidavit of Robert Sokolove violates the Ordinance.

20) If the City contends that the Oak Grove Trailer Park sign shown in Exhibit C to the Second Affidavit of Robert Sokolove does not violate the Ordinance, the bases of that contention, including identifying the section of the City Code which the City contends allows the Oak Grove Trailer Park sign to remain erected notwithstanding the Ordinance.

21) Whether the signs shown on Exhibits D through K of the Second Affidavit of Robert Sokolove violate the Ordinance.

22) If the City contends that the signs shown on Exhibits D through K of the Second Affidavit of Robert Sokolove do not violate the Ordinance, the bases of that contention, including identifying the section of the City Code which the City contends allows these signs to remain erected notwithstanding the Ordinance.

23) Whether the signs shown on Exhibits 1 through 13 of the Affidavit of Scott W. Sterl violate the Ordinance.

24) If the City contends that the signs shown on Exhibits 1 through 13 of the Affidavit of Scott W. Sterl do not violate the Ordinance, the bases of that contention, including identifying the section of the City Code which the City contends allows these signs to remain erected notwithstanding the Ordinance.