# JOSEPH B. HILL

c/o Re/Max Realty Group
317 Rehoboth Avenue
Rehoboth Beach, DE 19971
(302) 542-1277

June 6, 2006

The Honorable Kent A. Jordan
U.S. District Court, District of Delaware
J. Caleb Boggs Building
844 N. King Street
Wilmington, DE 19801

> RE: Robert Sokolove v. City of Rehoboth Beach
> File number: 20021-00101
> Case number: 05 - 514 KHA

Dear Judge Jordan,

With due respect deserved of the Court I feel I have an obligation to represent that with regard to the consent decree that was signed Friday, May 26, regarding the above captioned parties, the City of Rehoboth, through its employees of the City's Building and Licensing department has deliberately violated the order of the Court by the continued willful failure to enforce the current ordinances of the City of Rehoboth Beach with regard to sign enforcement "in a consistent, non-selective manner."

On June 3, 2006, the latest date of such events, a real estate business associate of mine, Sandra Jefferson, held an open house at 33 Park Avenue, a property located within the City of Rehoboth Beach. There were small directional open house signs placed on the property in what would be described as a common area. The signs were removed from their location by the City code enforcer A. Walter Onizuk.

Without verification of placement of the signage being in violation and in an inconsistent manner with other signs on, near and about the area Mr. Onizuk came to the open house and informed Sandra Jefferson that he had removed the signs since he "thought" they were on City property.

On Tuesday morning, June 5th I retraced the activity of the sign removal with Rehoboth Beach City Commissioner Kathy McGuiness and asked her to verify the

other signs placements that were not picked up when my associates open house signs were.

Since I was an active participant in the placement of political signage in the matter referenced above I believe my signs are being singled out in the form of retaliation or in the alternative at least not "in a consistent, non-selective manner." This continued harassment of sign removal has been undertaken at various times and places where my signs have been legally placed since late February this year. The course of actions undertaken by the City of Rehoboth has been disruptive to my professional business and may rise to a claim for tortious interference with contractual or business relationship with my clients.

In continued contradiction of the City's own laws and more importantly in violation of the known pending order of the Court, the City has placed banners throughout the City on street lights in complete and udder violation of the City ordinance found at the Code of the City of Rehoboth Beach, Article II [Signs] §74-15, §74.16 and as set forth in Chapter 270, [Zoning] §270.56.

I implore the Court to intercede and to strictly enforce its' powers of rectifying the contempt by such order as the Court may deem appropriate with such cause that the Court may have.

Respectfully,

*[signature]*

Joseph B. Hill

