**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ROBERT SOKOLOVE, ET AL.,

Plaintiffs,

v.

CITY OF REHOBOTH BEACH, DELAWARE, ET AL.,

Defendants.

Civil Action No. 05-514-KAJ

## MOTION FOR CONTEMPT

Plaintiffs Robert Sokolove, David McCarthy and Citizens for Rehoboth Beach hereby move for an order finding defendants City of Rehoboth Beach, Delaware ("City") and Gregory Ferrese in contempt of this Court's May 26, 2006 Order which requires, among other things, that defendants enforce City Ordinance § 74-16 ("Section 74-16" or the "Ordinance") relating to the placement and erection of signs in a consistent, non-selective manner. As set forth below, the City has failed to enforce Section 74-16 in a non-selective manner and, in fact, adopted a new ordinance, Section 74-17, which expressly exempts certain signs from the provisions of the Section 74-16 and, thus, codifies, rather than eliminates, defendants' selective enforcement practices.

## BACKGROUND

On July 21, 2005, plaintiffs Robert Sokolove, David McCarthy and Citizens for Rehoboth Beach filed suit against defendants City of Rehoboth Beach, Delaware ("City") and Gregory Ferrese, the manager of the City. Plaintiffs' verified complaint alleged that Section 74-16, which precludes the erection of private signs on public property and rights-of-way but permits the erection of non-private - i.e., governmental - signs on public property and rights-of-

way, is unconstitutional on its face and as applied by defendants. The Ordinance provides as follows:

> No person shall keep, maintain or post any private advertisement, poster or sign upon or on any beach or strand or public boardwalk, park, sidewalk, street or other public property or way within the limits of the city.

Among other things, plaintiffs alleged that defendants violated plaintiffs' constitutional rights when defendants removed certain private signs, e.g., plaintiffs' campaign signs, which purportedly violated Section 74-16 while leaving erect other signs, signs of plaintiffs' opponents and other commercial signs, which also violated Section 74-16. The preferred commercial signs which defendants failed to remove notwithstanding their violation of the Ordinance included, among others, various Art League signs erected on numerous street signs throughout the City, signs for the Oak Grove Trailer Park, a sign for the Village Improvement Association and various signs erected by realtors and contractors.

The Court held a hearing on July 26, 2005 to address plaintiffs' request for preliminary injunctive relief. Defendants argued that they enforced Section 74-16 in accordance with certain "rules of thumb" and that their enforcement policy was not improper or selective.[1] In a July 28,

---

1 Defendants' "rules of thumb" were never clearly articulated but purportedly were based on whether a sign was erected on a street with a curb or a sidewalk and whether a sign was in front or behind a utility pole or other ill-defined landmarks. The arbitrary "rules of thumb" bore no relation to the language of the Ordinance, were unwritten and known only to select City insiders and their enforcement resulted in the removal of some, but not all, private signs from public property and rights-of-way.

2005, Memorandum Order, copy attached as Exhibit A, this Court preliminarily held, among other things, that the evidence overwhelmingly demonstrated that defendants had not applied the Ordinance according to its terms and that defendants' selective enforcement of the Ordinance in accordance with the "rules of thumb" was constitutionally invalid.

**DISCOVERY**

Following the Court's ruling on the motion for a preliminary injunction, the parties engaged in written discovery. This discovery revealed that: (i) when Section 74-16 was adopted in 1995, current Mayor Samuel Cooper stated that political signs, such as the signs plaintiffs alleged were improperly removed on the eve of an election, cannot be removed pursuant to the Ordinance because to do so would be a violation of citizens' right to free speech, and (ii) numerous commercial signs erected by realtors and contractors were allowed to remain standing for months even though they violated the Ordinance. Moreover, defendants admitted through written discovery that the Art League signs, the Village Improvement Association sign, the Oak Grove Trailer Park sign and other commercial signs challenged by plaintiffs were private signs erected on public property or right of way and, thus, violated Section 74-16. Notwithstanding this admission, defendants never removed these signs.

**CONSENT JUDGMENT AND ORDER**

Plaintiffs were scheduled to depose defendants in mid-April, 2006. As that date approached, defendants contacted plaintiffs about a potential settlement of the dispute. Ultimately, the parties were able to resolve their differences regarding the merits of plaintiffs' claims and filed a Consent Judgment and Order which the Court signed on May 26, 2006 (the "Order," copy attached as Exhibit B). The Order provides, among other things, that:

1. Judgment is entered in favor of Plaintiffs;

    2. Defendants shall pay plaintiffs $2,001.00;

3. Defendant City of Rehoboth Beach, Delaware shall adopt, on or before July 15, 2006, an ordinance ("New Ordinance") which sets forth and clarifies the manner in which the Ordinance will be enforced;

* * *

5. Defendants shall enforce the Ordinance (including the New Ordinance and any amendment thereto) in a consistent, non-selective manner . . . .

**THE NEW ORDINANCE**

Although the Order required the City to adopt a new ordinance by July 15, 2006, the City did not meet this deadline. Rather, it was not until after plaintiffs advised the City that they would file a motion for contempt if the City did not comply with the Order that the City adopted City Ordinance § 74-17 ("Section 74-17"). Section 74-17 provides as follows:

**AN ORDINANCE TO AMEND CHAPTER 74 OF THE MUNICIPAL CODE OF REHOBOTH BEACH, DELAWARE, 2001 RELATING TO SIGNS**

WHEREAS, it has been determined that there is a need to clarify the manner in which Section 74-16 of the Municipal Code of The City of Rehoboth Beach shall be enforced.

**BE IT ORDAINED** by the Commissioners of The City of Rehoboth Beach, in session met, in the manner following to-wit:

**Section 1.** Chapter 74, the Municipal Code of The City of Rehoboth Beach, Delaware, 2001 as amended be and the same is hereby further amended by adding a new section 74-17 as follows:

**§74-17. Enforcement.**

A. Enforcement of this Article shall be consistent, and without regard to the individual, natural person, company, partnership, association, society, club, firm, corporation, organization, political action group, or any other group acting as a unit, responsible for keeping, maintaining or posting any private advertisement, poster or sign upon public property.

B. Any advertisement, poster or sign kept, maintained or posted upon public property may be removed by the City of Rehoboth Beach. The individual or entity responsible for keeping, maintaining or posting any private advertisement,

poster or sign upon public property that has been removed pursuant to the provisions of this Article may be required to pay a fine not to exceed $20 and may also be required to pay the reasonable costs of removal and a reasonable charge for storage, not to exceed $5 for each day or part thereof the private advertisement, poster or sign is so stored.

C. Pursuant to §74-16 of this Article and no other provision, in areas not readily identifiable as public property, any private advertisement, poster or sign not within the following areas shall be permitted to remain unless and until the area is conclusively determined to be public property:

(1) Traffic islands, defined as public property bound by public roads;

(2) Where there is a road but no sidewalk and no utility pole, the area between the edge of the pavement and eight (8) feet extended perpendicular to the road;

(3) Where there is a road and a sidewalk but no utility pole, the area between the edge of the pavement and the furthest edge of the sidewalk; and

(4) Where there is a road and a utility pole, the area including the edge of the pavement and the furthest edge of the utility pole.

D. *This Article shall not apply to any private advertisement, poster or sign on public property as of May 1, 2006.*

(Exhibit C, italics added).

Rather than eliminating selective enforcement of Section 74-16, Section 74-17 codifies it. Specifically, by including subsection D, which provides that "any private advertisement, poster or sign on public property as of May 1, 2006" is exempt from the enforcement mechanism created by Section 74-17, the City has attempted to make certain preferred commercial signs selectively exempt from the terms of Section 74-16. Indeed, if subsection D is allowed to stand, the Art League signs, the Village Improvement Association sign, the Oak Grove Trailer Park sign, will be exempt from removal even though they all violate Section 74-16.

This lawsuit was designed to put an end to defendants' selective enforcement practices with respect to the Ordinance and the Order expressly precludes enforcement of this nature.

(Exhibit B, ¶ 5). By exempting certain signs from its provisions, Section 74-17 codifies the selective enforcement practices surrounding Section 74-16 that the lawsuit and the Stipulated Order were designed to eliminate.

Plaintiffs sent defendants a letter on October 10, 2006, advising them that subsection D violates the Order and asking that it be repealed. (Copy attached as Exhibit D). To date, defendants have not responded to the letter.[2]

Defendants also have violated the Order by failing to pay plaintiffs $2,001.00. Plaintiffs have asked for these funds, but defendants have not responded in any manner to the requests.

**DEFENDANTS ARE IN CONTEMPT**

In order to prove civil contempt, plaintiffs must prove three elements by clear and convincing evidence: (1) that there was a valid court order, (2) that defendants had knowledge of

---

[2] Plaintiffs also believe that subsection C of Section 74-17 creates a hopelessly unclear standard that essentially is incapable of being enforced in a non-selective manner. Subsection C appears to be an attempt by defendants to codify their previously unpublished "rules of thumb" and, by its terms, allows signs to remain standing in certain areas "not readily identifiable as public property" "until the area is conclusively determined to be public property." Exactly what is "readily identifiable as public property" is not defined or made clear and subsection C does not state who will "conclusively determine" what is public property or when that determination will be made. Hence, signs will be allowed to remain standing in certain areas until some point in the future when the City decides whether or not they should be removed. Given the City's practice of refusing to remove favored signs which violate the Ordinance and the lack of clarity in subsection C, plaintiffs have little hope that it will be enforced in a consistent, non-discriminatory manner.

the order, and (3) that defendants disobeyed the order. *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir.1995); *Wesley Jessen Corp. v. Bausch & Lomb, Inc.*, 256 F. Supp.2d 228, 229 (D. Del. 2003).

There can be no dispute that plaintiffs have satisfied all of the element here. The Order is a valid court order, defendants had knowledge of the Order and they have violated the Order. The Order expressly requires defendants to "enforce the Ordinance . . . in a consistent, non-selective manner." (Exhibit B, ¶ 5). Section 74-17, which is designed to "clarify the manner in which Section 74-16 . . . shall be enforced," expressly exempts certain signs -- private advertisements, posters or signs on public property as of May 1, 2006 -- from its terms. As a result of this exemption, certain signs which violate Section 74-16 and which defendants have refused to remove -- the Art League signs, the Oak Grove Trailer Park sign, the Village Improvement Association sign -- will not be subject to removal. As some preferred signs which violate Section 74-16 are not subject to removal while other signs which violate Section 74-16 are subject to removal, the City has codified a discriminatory, selective enforcement mechanism which violates the clear terms of the Order: "Defendants shall enforce the Ordinance . . . in a consistent, non-selective manner."

Defendants also have violated the Order by failing to pay plaintiff $2,001.00. The Order is clear on this issue and its terms must be enforced.

* * *

This lawsuit is brought in order to put an end to the City's selective enforcement of Section 74-16. After the Court preliminarily found that defendants had selectively enforced

Section 74-16 and that such selective enforcement violated plaintiffs' constitutional rights, the parties negotiated a settlement which precluded further selective enforcement of Section 74-16.

Plaintiffs' goal is still for Section 74-16 to be applied and enforced in a consistent, non-selective manner as to all signs. By adopting subsection D of Section 74-17 and expressly exempting certain signs from its provisions, the City has codified the very selective enforcement practice the lawsuit and the express terms of the Order were meant to prevent.

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court enter an Order finding defendants in contempt, directing the City to repeal subsection D of Section 74-17, directing defendants to pay plaintiffs $2,001.00 and granting plaintiffs the reasonable fees, costs and expenses they incurred in bringing this motion.

WOLF, BLOCK, SCHORR and
SOLIS-COHEN LLP

[signature]
Shawn P. Tucker (#3326)
Todd C. Schiltz (#3253)
1100 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 777-0312

Attorneys for plaintiff
Citizens for Rehoboth Beach

MURPHY, SPADARO & LANDON

/s/ Chase Brockstedt
Chase Brockstedt (#3815)
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8109

Attorneys for plaintiffs
Robert Sokolove and David
McCarthy

October 20, 2006