# EXHIBIT D



Wilmington Trust Center, 1100 North Market Street, Suite 1001, Wilmington, DE 19801
Tel: (302) 777-5860 ■ Fax: (302) 777-5863 ■ www.WolfBlock.com

Todd C. Schiltz
Direct Dial: (302) 777-0312
Direct Fax: (302) 778-7812
E-mail:   tschiltz@wolfblock.com

October 10, 2006

**BY EMAIL**

Daniel A. Griffith, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1220 North Market Street
5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888

    Re:   <u>Soklove v. Rehoboth Beach, No. 05-514 (KAJ)</u>

Dear Dan:

    Last week, Glenn Mandalas sent me Section 74-17 of the City of Rehoboth Beach Municipal Code, the new ordinance that the City adopted pursuant to the Stipulated Consent Judgment and Order entered in the above referenced matter ("Stipulated Order"). A copy of the Stipulated Order and Section 74-17 are attached.

    Although the purpose of requiring the adoption of a new ordinance was to eliminate the selective enforcement of Section 74-16, Section 74-17 does just the opposite. Specifically, subsection D expressly exempts "any private advertisement, poster or sign on public property as of May 1, 2006" from its provisions. As signs of this nature, i.e., the Art League signs, the Oak Grove trailer park sign, and several other signs about which plaintiffs have complained, are exempt from Section 74-17 and presumably will not be removed by City enforcement officers, Section 74-17 codifies the selective enforcement about which plaintiffs have complained.

    The provisions of Section 74-17, therefore, are contrary to the express terms and intent of the Stipulated Order, which provides, at paragraph 5, that "Defendants shall enforce the Ordinance (including the New Ordinance and any amendments thereto) in a consistent, non-selective manner." Again, by exempting certain signs from its provisions, Section 74-17 codifies the selective enforcement practices surrounding Section 74-16 that the lawsuit and the Stipulated Order were designed to eliminate.

WIL:62006.1/sok014-230196

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC
WolfBlock Schorr and Solis-Cohen LLP is Pennsylvania Limited Liability Partnership

Case 1:05-cv-00514-GMS   Document 75-5   Filed 10/20/2006   Page 3 of 7

Daniel A. Griffith, Esquire
October 10, 2006
Page 2

      My client and the other plaintiffs assume this was an oversight and that it was not the intention of the City to adopt a new ordinance that expressly allows selective enforcement of Section 74-16. Please confirm this is not the case and that the City will repeal subsection D of Section 74-17. If we do not hear from you by October 16, 2006, we will raise the issue with the Court.

                                          Very truly yours,

                                          Todd C. Schiltz
                        For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

TCS/ck

cc:    Eugene Lawson, Esquire (by email)
        Chase Brockstedt, Esquire (by email)
        Glenn C. Mandalas, Esquire (by email)

WIL:62006.1/sok014-230196

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ROBERT SOKOLOVE, et al.,              )
                                      )
            Plaintiffs,               )
                                      )
    v.                                )    Case No. 05-514-KAJ
                                      )
CITY OF REHOBOTH BEACH, et al.,       )
                                      )
            Defendants.               )

## STIPULATED CONSENT JUDGMENT AND ORDER

WHEREAS, plaintiffs Robert Sokolove, David McCarthy, William Shields and Citizens for Rehoboth Beach ("Plaintiffs") filed a Verified Complaint seeking damages and temporary, preliminary and permanent injunctive relief against defendants City of Rehoboth Beach, Delaware and Gregory Ferrese, the manager of the city (collectively, "Defendants"), alleging, among other things, that (i) City Ordinance § 74-16 ("Ordinance") is unconstitutional on its face, (ii) Defendants selectively enforced the Ordinance during a time period preceding an August 2005 municipal election and have continued in such selective enforcement since, and (iii) Defendants' selective enforcement of the Ordinance is unconstitutional and violated Plaintiffs' constitutional rights (the "Action"); and

WHEREAS, Defendants filed an Answer to the Verified Complaint denying (i) that the Ordinance is unconstitutional on it's face; and (ii) that the Ordinance was enforced selectively or in a manner which violated Plaintiffs' constitutional rights; and

WHEREAS, subject to the approval of the Court, the parties wish to resolve the Action on the terms set forth in this Stipulated Consent Judgment and Order.

AND NOW, this _____ day of _____ 2006, upon the consent of the parties, by and through their undersigned counsel, IT IS HEREBY ORDERED that:

1. Judgment is entered in favor of Plaintiffs;

2. Defendants shall pay Plaintiffs $2,001.00;

3. Defendant City of Rehoboth Beach, Delaware shall adopt, on or before July 15, 2006, an ordinance ("New Ordinance") which sets forth and clarifies the manner in which the Ordinance will be enforced ;

4. Once the New Ordinance is adopted, defendant City of Rehoboth Beach, Delaware shall change the manner in which it enforces the Ordinance only by amending the terms of the New Ordinance;

5. Defendants shall enforce the Ordinance (including the New Ordinance and any amendments therefore) in a consistent, non-selective manner;

6. Plaintiffs retain the right to apply to the Court for an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988;

7. Plaintiffs shall be considered "Prevailing Parties" for, including but not limited to, purposes of this Action and any application made pursuant to 42 U.S.C. § 1988; and

8. The Court shall retain jurisdiction over the parties and this Action for purposes of enforcing the terms of the Stipulated Consent Judgment and Order and determining any application for attorneys' fees or costs.

                                                      _____
                                                      Judge Kent A. Jordan

| WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP | MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN |
|---|---|
| _/s/ Shawn P. Tucker_ | _/s/ Daniel A. Griffith_ |
| Shawn P. Tucker (#3326) | Daniel A Griffith (#4209) |
| Todd C. Schiltz (#3253) | 1220 North Market Street |
| 1100 North Market Street, Suite 1001 | Wilmington, DE 19801 |
| Wilmington, DE 19801 | (302) 552-4317 |
| (302) 777-0312 | |
| | Attorneys for defendants |
| Attorneys for plaintiff | |
| Citizens for Rehoboth Beach | |

MURPHY, SPADARO & LANDON

_/s/ Chase T. Brockstedt_
Chase Brockstedt (#3815)
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8109

Attorneys for plaintiffs
Robert Sokolove, David McCarthy
and William Shields

### AN ORDINANCE TO AMEND CHAPTER 74 OF THE MUNICIPAL CODE OF REHOBOTH BEACH, DELAWARE, 2001 RELATING TO SIGNS

WHEREAS, it has been determined that there is a need to clarify the manner in which Section 74-16 of the Municipal Code of The City of Rehoboth Beach shall be enforced.

**BE IT ORDAINED** by the Commissioners of The City of Rehoboth Beach, in session met, in the manner following to-wit:

**Section 1.**    Chapter 74, the Municipal Code of The City of Rehoboth Beach, Delaware, 2001 as amended be and the same is hereby further amended by adding a new section 74-17 as follows:

**§74-17. Enforcement.**

A.   Enforcement of this Article shall be consistent, and without regard to the individual, natural person, company, partnership, association, society, club, firm, corporation, organization, political action group, or any other group acting as a unit, responsible for keeping, maintaining or posting any private advertisement, poster or sign upon public property.

B.   Any advertisement, poster or sign kept, maintained or posted upon public property may be removed by the City of Rehoboth Beach. The individual or entity responsible for keeping, maintaining or posting any private advertisement, poster or sign upon public property that has been removed pursuant to the provisions of this Article may be required to pay a fine not to exceed $20 and may also be required to pay the reasonable costs of removal and a reasonable charge for storage, not to exceed $5 for each day or part thereof the private advertisement, poster or sign is so stored.

C.   Pursuant to §74-16 of this Article and no other provision, in areas not readily identifiable as public property, any private advertisement, poster or sign not within the following areas shall be permitted to remain unless and until the area is conclusively determined to be public property:

   (1)   Traffic islands, defined as public property bound by public roads;

   (2)   Where there is a road but no sidewalk and no utility pole, the area between the edge of the pavement and eight (8) feet extended perpendicular to the road;

   (3)   Where there is a road and a sidewalk but no utility pole, the area between the edge of the pavement and the furthest edge of the sidewalk; and

   (4)   Where there is a road and a utility pole, the area including the edge of the pavement and the furthest edge of the utility pole.

D.   This Article shall not apply to any private advertisement, poster or sign on public property as of May 1, 2006.