**EXHIBIT "C"**

ANN BAVENDER*
JOHN C. BUTCHER˜
HARRY F. COLE
ANNE GOODWIN CRUMP
VINCENT J. CURTIS, JR.
PAUL J. FELDMAN
FRANK R. JAZZO
M. SCOTT JOHNSON*
MITCHELL LAZARUS
STEPHEN T. LOVELADY˜
SUSAN A. MARSHALL
HARRY C. MARTIN
ALISON J. MILLER
LEE G. PETRO*
RAYMOND J. QUIANZON
MICHAEL W. RICHARDS*
JAMES P. RILEY
KATHLEEN VICTORY
HOWARD M. WEISS

*NOT ADMITTED IN VIRGINIA

FLETCHER, HEALD & HILDRETH, P.L.C.
ATTORNEYS AT LAW
11th FLOOR, 1300 NORTH 17th STREET
ARLINGTON, VIRGINIA 22209-3801

OFFICE: (703) 812-0400
FAX: (703) 812-0486
www.fhhlaw.com

RETIRED MEMBERS
RICHARD HILDRETH
GEORGE PETRUTSAS

CONSULTANT FOR INTERNATIONAL AND
INTERGOVERNMENTAL AFFAIRS
SHELDON J. KRYS
U. S. AMBASSADOR (ret.)

OF COUNSEL
DONALD J. EVANS
FRANCISCO R. MONTERO
EDWARD S. O'NEILL*
ROBERT M. GURSS*
EUGENE M. LAWSON, JR.

703-812-0404
lawson@fhhlaw.com

July 11, 2005

**BY FACSIMILE (302) 227- 4643**
Mr. Greg Ferrese
City Manager
City of Rehoboth Beach
229 Rehoboth Avenue
Rehoboth Beach, DE 19971

Dear Greg:

I am writing on behalf of Bob Sokolove, Dave McCarthy and Bill Shields, candidates for Mayor and Commissioner for the City of Rehoboth Beach in the upcoming August election. I am writing specifically with respect to incidents which occurred over this past weekend involving employees of the City of Rehoboth Beach removing political campaign signs involving these candidates only. As you know, the signs were found initially in the back of a City of Rehoboth Beach vehicle around noon on Saturday. Assurances were given by the police and through the police from you that the signs should not have been picked up by City employees, a statement with which we agree. As you know, however, approaching midnight on the same day, signs for the same candidates were once again picked up by Walter Onizuk who, when queried, indicated he did so at the instruction of Dave Murphy, the building inspector, who allegedly was instructed to do so by you some time after 4:00 p.m. on Saturday. Once again, the police were called and a police report was initiated.

This is, as you know or should know, a very serious matter which had the effect of violating my clients' constitutional and civil rights and may have, in addition, created civil and criminal liability against the perpetrators. I am writing, at this point, with respect to a reference in the police report that you held on to the photographs which were taken by the investigating officer. Under the circumstances, with you being clearly referenced as a potential target of any investigation, it is wholly inappropriate for you to maintain possession of any evidentiary material originated by the police department. In fact, even lacking these circumstances, is unclear how and what basis you would ever hold on to evidence that is part of a police investigation. Be that as it may, we hereby request that the photographs and any other material which you may have in your possession concerning this matter be returned to the police department until such time that the department and/or the Attorney General's office has concluded no further

FLETCHER, HEALD & HILDRETH, P.L.C.

Mr. Greg Ferrese
July 11, 2005
Page 2

action may be taken. We also request that you affirmatively notify the undersigned that this has been accomplished.

    If you have any questions concerning this matter or if I can be of any further assistance, please do not hesitate to contact me or if you prefer have the City's Solicitor contact me.

                    Sincerely,

                      Eugene M. Lawson, Jr.

EML/smm
cc:   Walter W. Speakman, Jr., Esquire **(by fax 302-674-0903)**
       Bob Sokolove       )
       Dave McCarthy    ) **by fax 302-227-2115**
       Bill Shields          )

ANN BAVENDER*
HARRY F. COLE
ANNE GOODWIN CRUMP
VINCENT J. CURTIS, JR.
PAUL J. FELDMAN
FRANK R. JAZZO
EUGENE M. LAWSON, JR.
MITCHELL LAZARUS
SUSAN A. MARSHALL
HARRY C. MARTIN
LEE G. PETRO*
RAYMOND J. QUIANZON
JAMES P. RILEY
ALISON J. SHAPIRO
KATHLEEN VICTORY
JENNIFER DINE WAGNER*
LILIANA E. WARD
HOWARD M. WEISS

*NOT ADMITTED IN VIRGINIA

# FLETCHER, HEALD & HILDRETH, P.L.C.

ATTORNEYS AT LAW

11th FLOOR, 1300 NORTH 17th STREET

ARLINGTON, VIRGINIA 22209-3801

OFFICE: (703) 812-0400

FAX: (703) 812-0486

www.fhhlaw.com

RETIRED MEMBERS
RICHARD HILDRETH
GEORGE PETRUTSAS

CONSULTANT FOR INTERNATIONAL AND
INTERGOVERNMENTAL AFFAIRS
SHELDON J. KRYS
U. S. AMBASSADOR (ret.)

OF COUNSEL
EDWARD A. CAINE*
DONALD J. EVANS
FRANCISCO R. MONTERO
EDWARD S. O'NEILL*

WRITER'S DIRECT

lawson@fhhlaw.com

Delaware Office:
942 Walker Road, Suite A
Dover, DE 19904
302-674-2800

July 13, 2005

**RECEIVED**

**JUL 1 4 2005**

**CITY MANAGER'S OFFICE**

**BY FACSIMILE (302) 227-4643**
Mr. Greg Ferrese
City Manager
City of Rehoboth Beach
229 Rehoboth Avenue
Rehoboth Beach, DE 19971

Dear Greg:

I am writing once again on behalf of Bob Sokolove, Dave McCarthy and Bill Shields, candidates for Mayor and Commissioner of the City of Rehoboth Beach in the upcoming August election. Let me first state that I have not received confirmation back from you as requested in my earlier letter that physical evidence relating to the police investigation has been returned to the police department to be kept with the investigation files. In part because of the subject matter of this letter, those files may be sought by other authorities in the very near future. It imperative, therefore, that they be complete.

The main purpose of my letter today is to demand that the City of Rehoboth Beach reverse its ill-advised decision to remove political campaign signs from "public property" not to mention City employees continuing to remove campaign signs from private property as well. I am advised through my clients that the City is basing its authority to remove the signs on Code Section 74-16 in Article II. I would certainly hope that the City Solicitor has advised the City that the Code Section, as written, is facially unconstitutional and is in direct violation of controlling caselaw in Delaware. The United States Court of Appeals for Third Circuit in *Rappa v. New Castle County*, 18 F.3d 1043 (3rd Cir. 1994) found, as is the case here, that,

> there are no aesthetic or safety effects caused by the signs prohibited by the [ordinance] that are not also caused by the signs allowed by the [ordinance]. Any justification for treating these signs differently must rely on the content of these signs.

FLETCHER, HEALD & HILDRETH, P.L.C.

Mr. Greg Ferrese
July 13, 2005
Page 2

The Court further defines an ordinance such as 74-16[1] as one that:

> indisputably distinguishes between, and allows the posting of certain signs based on the subject matter the sign conveys. Under a literal understanding of "content-based" that fact makes the ordinance content-based.

The ordinance which was found unconstitutional in *Rappa* barred all signs with exceptions such as historical signs, government signs, and highway beautification signs. The Rehoboth ordinance clearly exempts similar non-private (government?) signs such as those the placed (by the City and others) on the boardwalk and elsewhere in the City on public property for the purpose of conveying information. As the Court in *Rappa* states, "under the reasoning of the United States Supreme Court in *Metromedia*, the ordinance is unconstitutional." The City has made no effort whatsoever to draft the sign prohibition as narrowly as possible to meet its legitimate goals, if there are any, without impeding protected political speech. Further, you should have been advised that public property has been found by the Third Circuit to be a public forum holding that "all public streets are held in the public trust and are properly considered traditional public fora." Limiting speech in a public forum is an especially egregious attack on the Free Speech.

In this particular instance, since Mayor Cooper is running for re-election, it is in his direct personal interest to have signs of non-incumbents removed to the extent possible. It is also of interest that the sign removal is not equal opportunity but is targeted at particular candidates. As the Court said in *Rappa*,

> by limiting debate on a particular issue, government can focus speech on other issues and thus shape the agenda for political action. To allow a government the choice of permissible subjects for public debate would be to allow that government control over the search for political truth.

Critically to protect Free Speech, the Court goes on to state:

> At the heart of the First Amendment is the concern that government should not restrict speech based on the fear that the speech would persuade listeners than a particular view is correct. Restricting speech on such a basis indicates a fundamental distrust in the rationality of listeners that is incompatible with the notion of an antonymous democratic citizenry.

---

[1] It should be noted that the ordinance does not define "private" as in contrast to "public" nor sign (the definitions referenced are not for signs but for zoning generally) especially as it relates to political signs which are not advertising but protected speech.

| STATE OF DELAWARE DEPARTMENT OF JUSTICE CARVEL STATE OFFICE BLDG. 820 N. FRENCH ST., 6TH FL. WILMINGTON, DE 19801 | NEW CASTLE COUNTY Civil Division - (302) 577-8400 Civil Facsimile - (302) 577-6630 |
|---|---|

## FACSIMILE TRANSMITTAL SHEET

TO: Walt Speckman

DATE: 7-13-05

FAX NO.: (302) 674-0903

FROM: M. Cohen

Total Number of Pages Including This Cover Letter: 3

Please contact _____ @ (302) 577-8949 if complete transmission is not received.

This facsimile is intended for the use of the addresses named herein and may contain legally privileged and confidential information. If you are not the intended recipient of this facsimile, you are hereby notified that any dissemination, distribution or copying of this facsimile is strictly prohibited and may subject you to criminal prosecution and/or civil liability. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the address above via the United States Postal Service. We will reimburse any reasonable costs you incur in notifying us and returning the facsimile to us. Thank you.

### MESSAGE

part of new Bill passed on 6/30/05

See section 124 (c)(ii)