**EXHIBIT "C"**

A REGION DEFENSE LITIGATION LAW FIRM

| MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN |

A PROFESSIONAL CORPORATION    www.marshalldennehey.com

**1220 N. Market St., 5th Floor, P.O. Box 8888 · Wilmington, DE 19899-8888**
**(302) 552-4300 · Fax (302) 651-7905**

**PENNSYLVANIA**
Bethlehem
Doylestown
Erie
Harrisburg
Newtown Square
Norristown
Philadelphia
Pittsburgh
Plymouth Meeting
Scranton
Williamsport

**NEW JERSEY**
Cherry Hill
Roseland

**DELAWARE**
Wilmington

**OHIO**
Akron

**FLORIDA**
Ft. Lauderdale
Jacksonville
Orlando
Tampa

**Direct Dial: 302-552-4317**
**Email: dgriffith@mdwcg.com**

August 17, 2005



Shawn Tucker, Esquire
Duane Morris LLP
1100 North Market Street,
Suite 1200
Wilmington, DE 19801-1246

    Re:    Robert Sokolove v. Rehoboth Beach
            Our File No: 20021-00101
            Case No: 05-514 KAJ

Dear Mr. Tucker:

    Attached is our Answer to Plaintiffs' Verified Complaint which you will also receive by E-Service notification from the Court. As we discussed in connection to our extension to respond to plaintiffs' Complaint which you graciously granted, it would appear that the conclusion of the August 13, 2005 election has rendered a number of the allegations and representations in the original Verified Complaint moot or obsolete. In particular, the Verified Complaint is based upon plaintiffs' status as candidates in the August 13, 2005 election. I suggested that, once the August 13, 2005 election had been concluded, many, if not all, of the allegations within plaintiffs' Complaint would be moot, thereby requiring withdrawl or amendment.

    While our Answer responds to each allegation of plaintiffs' Complaint, there are certain allegations (particularly those directed toward injunctive relief) which are moot following Judge Jordan's July 26, 2005 Opinion and Order. It would seem to me, all advocacy and subjectivity aside, that there is little or nothing left to litigate. It is my understanding that the parties appreciated Judge Jordan's comments in the Memorandum and that plaintiff's political signs were not taken down between the issuance of the order and the August 13, 2005 election. I understand that a portion of plaintiffs' claimed damages related to the fees and costs incurred in pursuing this action, to which plaintiffs might be entitled under 42 U.S.C. §1988 if they were a prevailing party. Although we can agree that Judge Jordan's findings on the application of for injunctive relief were preliminary, it is difficult to conceive how plaintiffs can be considered "prevailing parties" to this point which justify repayment of counsel fees.

    Rather, it would seem to me that a reasonable interpretation of the message inherent in Judge Jordan's Order was that, while plaintiffs were not entitled to the relief sought, there could be some exposure to the City in the future if the City did not ensure that it's ordinance was applied properly with respect to plaintiffs' political signs between the date of the order (July 26 and the August 13 election). Since the City did not remove <u>any</u>

Shawn Tucker, Esquire
August 17, 2005
Page 2

---

political signs between July 26 and the August 13, 2005 election, it seems that Judge Jordan contemplated that the parties would simply go their separate ways and bear their own expenses).

Under the circumstances, I would appreciate your reflection upon the above and contacting me concerning plaintiffs' amenability to having this matter dismissed without prejudice to plaintiff's right to re-file in the event plaintiffs believe that the ordinance is being applied improperly.

Thank you for your attention to this matter.

Very truly yours,

DANIEL A. GRIFFITH

DAG/lar

Enclosure

cc: Walter Speakman, Esq.
Jeffrey Frock, Travelers
GP09312571-09T016

ps. If plaintiffs choose to continue this action, I would appreciate your advice concerning plaintiffs' amenability to dropping Count I of the Complaint (seeking injunctive relief) and plaintiffs' claim for punitive damages (which has no basis in fact or law) under §1983.