**EXHIBIT "D"**

# WolfBlock

Wilmington Trust Center, Suite 1001, 1100 North Market Street, Wilmington, Delaware 19801
Tel: (302) 777-5860 ■ Fax: (302) 777-5863 ■ www.WolfBlock.com

Todd C. Schiltz
Direct Dial: (302) 777-0312
Direct Fax: (302) 778-7812
E-mail:   tschiltz@wolfblock.com

August 24, 2005

Daniel A. Griffith, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1220 North Market Street
5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888

    Re:   Soklove v. Rehoboth Beach, No. 05-514 (KAJ)

Dear Dan:

    I write in response to your August 17, 2005 letter to Shawn Tucker and in follow up to our August 23, 2005 call.

    As we advised you during our call, plaintiffs do not agree that the August 13, 2005 election renders any of their claims moot. All of the issues raised in the complaint - e.g., that the ordinance is facially unconstitutional and that defendants have enforced the ordinance in an unconstitutional manner - are viable and remain to be resolved. Indeed, defendants continue to leave standing numerous private signs erected on public property or rights-of-way and their continued selective enforcement of the ordinance only further demonstrates that plaintiffs' claims are not moot.

    Likewise, plaintiffs' request for punitive damages is valid and will not be withdrawn. It is well settled that punitive damages are recoverable against individual defendants who act with reckless or callous indifference to constitutionally protected rights or with evil motive or intent. Smith v. Wade, 461 U.S. 30, 56 (1983). In plaintiffs' opinion, Mr. Ferrese's conduct clearly rises to this level.

    While plaintiffs are prepared to move forward with their claims, plaintiffs agree with the Court that an appropriate resolution of this matter is in all parties' interests. To this end, plaintiffs will settle this matter under either of the following circumstances: (i) the parties sign and submit a stipulated order which provides that defendants will enforce the ordinance as

WIL:53602.2/sok014-230196

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC

Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

Daniel A. Griffith, Esquire
August 24, 2005
Page 2

written in a non-discriminatory manner against all private signs - including Art League signs - located on public property or rights-of-way and defendants agree to pay plaintiffs' attorney fees; or (ii) the parties sign and submit a stipulated order which provides that on or before September 30, 2005, the City of Rehoboth will rescind the ordinance and adopt a new sign/poster regulation which comports with the constitution and defendants agree to pay plaintiffs' attorney fees. A settlement on these terms, including the payment of attorneys fees, is in defendants' interests. Indeed, this is the most opportune time for defendants to resolve the matter because the alternative is to continue to litigate and, as a result, subject themselves unreasonably to ever increasing legal fees under 42 U.S.C.A. 1988.

Your letter questions whether plaintiffs can be considered "prevailing parties" entitled to attorney fees under Section 1988 at this stage of the proceedings. Respectfully, that is not the question. The question is if plaintiffs pursue their claims, will they be prevailing parties at the end of the day. Given the overwhelming evidence that defendants have applied and continue to apply the ordinance in an unconstitutional manner, we firmly believe plaintiffs will be prevailing parties at the end of the day. If defendants require plaintiffs to go through the steps to reach that day, the attorney fees defendants will have to pay their own counsel and the fees they owe plaintiffs will be much greater than those incurred to date.

Please let us know if the defendants are willing to settle on either of the alternatives set forth above. If we do not hear from you by August 31, we will assume the terms are unacceptable and will move forward with the deposition of Mr. Ferrese and others to be determined. A copy of our deposition notice is attached.

Very truly yours,

Todd C. Schiltz
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

TCS/ck
Enclosure

cc:   Shawn Tucker, Esquire
      Eugene Lawson, Esquire
      Robert Sokolove
      Walter Speakman, Esquire

WIL:53602.2/sok014-230196