**EXHIBIT "F"**

### Griffith, Dan A.

**From:** Griffith, Dan A.
**Sent:** Wednesday, December 14, 2005 9:52 AM
**To:** 'Schiltz, Todd C.'
**Subject:** RE: Response To Request For Admissions

Todd:

I hope that the level of rancor between our respective clients does not affect how you and I treat each other. I'm not sure there is anything to be gained by "taking the gloves off" in our dealings with each other.

With respect to Plaintiffs' Requests for Admissions, I would make the following observations:

1. Plaintiffs' Amended Complaint was filed November 3 and Plaintiffs' Requests for Admissions were filed the next day. FRCP 36 provides that a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the Complaint. We can probably debate whether that means the original Complaint or the Amended Complaint, although in this case it would more appropriately refer to the Amended Complaint because (a) the Amended Complaint was filed before an Answer was filed and logic would seem to dictate that defendants be permitted to answer the Complaint before responding to Requests for Admissions; and (b) the only Requests that are really not unequivocally admitted are those based on the photographs in Mr. Sokolove's Second Affidavit, relating to the Amended Complaint, i.e., the "continuing violations". Therefore, while conceding that there is room for debate on the issue, the Requests may have been prematurely served and/or timely answered under FRCP 36.

2. Even if the Responses were late by a few days, it is inconceivable how Plaintiffs have been prejudiced by this slight delay given the substance of the responses and the absence of any activity on the part of the plaintiffs in reliance upon any "admissions" in those few days.

3. There doesn't seem to be any issue in the Responses that is worth extended debate on the nature and quality of the Responses. The factual matters concerning removal of the signs have essentially been admitted in straightforward fashion. The only qualifications to any admission are matters outside the personal knowledge of defendants - i.e., because defendants did not take the photos - and even these Responses admit that the photos appear to show areas which constitute public property or a public right of way.

In short, this does not seem to be the type of issue on which to engage in significant, time-consuming and expensive procedural debate. As set forth above, (paragraph #1) we contend that the Requests were premature under FRCP 36 and/or that the Responses were timely (i.e., within 45 days of service). I do not think it would be a productive use of our time or the court's time to seek a judicial intervention on this point, although plaintiffs are certainly entitled to move to have the Requests (almost all of which have been admitted substantively in our Responses) deemed admitted on a procedural basis.

Todd, I just believe that this is a rather unproductive exercise. Again, I'm hopeful that we can move past a lot of the acrimony.

Dan

---

**From:** Schiltz, Todd C. [mailto:TSchiltz@WOLFBLOCK.com]
**Sent:** Tuesday, December 13, 2005 5:17 PM
**To:** Griffith, Dan A.
**Subject:** Response To Request For Admissions

Dan,