**EXHIBIT "G"**

A REGION DEFENSE LITIGATION LAW FIRM

# MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

A PROFESSIONAL CORPORATION   www.marshalldennehey.com

PENNSYLVANIA
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

OHIO
Akron

FLORIDA
Ft. Lauderdale
Jacksonville
Orlando
Tampa

**1220 N. Market St., 5th Floor, P.O. Box 8888 · Wilmington, DE 19899-8888**
**(302) 552-4300 · Fax (302) 651-7905**

**Direct Dial: 302-552-4317**
**Email: dagriffith@mdwcg.com**



January 13, 2006

Todd Schiltz, Esquire
Wolf Block
Wilmington Trust Center
Suite 1001
1100 N. Market Street
Wilmington, DE 19801

    Re:    Robert Sokolove v. Rehoboth Beach
            Our File No: 20021-00101
            Case No: 05-514 KAJ

Dear Todd:

    It was apparent in our initial discussions, following Judge Jordan's Opinion of July 26, 2005, continued to be apparent during the course of the mediation and remains apparent today, that the central impediment to resolving this case is a purely legal issue: whether and to what extent plaintiffs may be entitled to recover their counsel fees under 42 U.S.C. §1988. I have a proposal that maybe worthwhile in resolving this point.

    What follows is a purely hypothetical scenario and is not intended to express any view concerning the relative merits of our positions. Moreover, what follows is truly for settlement purposes and is not to be deemed evidentiary pursuant to Fed. R. Evid. 408.

    I believe that you and I (at least at the mediation) seem to agree that the following scenario was possible, probable or even inevitable:

        1.    While the Ordinance at issue is not facially unconstitutional, it was enforced in an unconstitutional fashion by the City of Rehoboth Beach in advance of the August 13, 2005 elections. Thus, we can presume for purposes of this proposal that plaintiffs will be able to establish that a constitutional violation occurred.

        2.    While plaintiffs may prove that a constitutional violation occurred, plaintiffs may not be able to prove that the constitutional violation was the proximate cause of the election results.

Todd Schiltz, Esquire
January 13, 2006
Page 2

---

    3.    In the absence of any actual damages, i.e., (a constitutional violation without proximate cause), the Court will still award nominal damages to plaintiffs.

    4.    The establishment of the constitutional violation and the entitlement to nominal damages will allow the Court, if it is so inclined, to exercise its discretion to award counsel fees to the plaintiffs.

If this scenario plays out, the real dispute between our clients is whether the Court will, in fact, exercise its discretion to award counsel fees. Your clients believe that the Court will award counsel fees under the circumstances and my clients believe that the absence of proximate cause and/or actual damages means that Court will likely not award counsel fees.

Rather than continue to consume time and expense litigating what will ultimately be this precise legal issue, I propose that we submit the issue for resolution to Judge Jordan upon the facts which are stipulated for purposes of his ruling. That is, we propose the foregoing four paragraphs as "stipulations" to Judge Jordan for purposes of seeking his advisory ruling on whether counsel fees would be awarded under the circumstances. Obviously, Judge Jordan's advisory ruling would likely resolve the case.

I would appreciate your contacting me in order to flush this out a little further and to discuss your client's amenability to this proposal.

                                                  Very truly yours,

                                                  DANIEL A. GRIFFITH

DAG/lar

\15_A\LIAB\DAGRIFFITH\CORR\328122\LAREFNER\20021\00101