IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SOKOLOVE, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-514-GMS |
| ) | |
| CITY OF REHOBOTH BEACH, ) | |
| DELAWARE, ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

**I.   INTRODUCTION**

On July 21, 2005, Robert Sokolove and various other plaintiffs[1] filed the above-captioned action against the City of Rehoboth Beach and Gregory Ferrese (collectively, the "City"), alleging violations of Sokolove's rights under the First and Fourteenth Amendments to the Constitution of the United States, and the Civil Rights Act of 1971, 42 U.S.C. § 1983. The action arose from the City's alleged selective and discriminatory enforcement of its Ordinance section 74-16 ("Section 74-16"), which was effected by the City's selective removal of Sokolove's campaign signs. Presently before the court is Sokolove's motion for an award of attorneys' fees and expenses. For the reasons that follow, the court will grant the motion and award Sokolove $171,095.00 in attorneys' fees and expenses.

---

[1] There are four plaintiffs in this litigation: Robert Sokolove, David McCarthy, William Shields, and the Citizens for Rehoboth Beach. For ease of reference in this Memorandum, the court will refer to the plaintiffs collectively in the singular as "Sokolove."

## II. PROCEDURAL BACKGROUND

The same day that Sokolove filed his complaint, he filed a motion for temporary restraining order ("TRO"). The court directed the parties to engage in expedited discovery, which lasted from July 22 to July 25, 2005. On July 26, 2005, the court convened a hearing on the TRO motion. On July 28, 2005, the court issued a Memorandum Order (D.I. 19) denying the TRO motion.[2] On May 23, 2006, the parties entered into a settlement agreement. On May 26, 2006, the parties resolved the action in a Stipulated Consent Judgment and Order (D.I. 73) (the "Consent Judgment"). Under the terms set forth in the Consent Judgment, the court ordered the City to pay Sokolove $2,001.00 in damages. (See D.I. 73, at 2.) Additionally, pursuant to the parties' agreement, the court named Sokolove the prevailing party and granted Sokolove permission to retain the right to apply to the court for an award of costs and attorneys' fees. (Id.) On October 20 2006, Sokolove filed a motion for contempt, which he subsequently withdrew on September 21, 2007, after the City complied with the terms of the Consent Judgment. On September 21, 2007, Sokolove filed the motion for attorneys' fees and costs that is presently before the court.

## III. STANDARD OF REVIEW

The court has the discretion to award reasonable attorneys' fees to the prevailing party in a civil rights action. 42 U.S.C. § 1988(b) (2000). In calculating an award of attorneys' fees, the most useful approach is to calculate the lodestar, which is the "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). However, the amount of the attorney fee award is a factual determination and the district

---

[2] The factual background of this case and the court's opinion regarding the TRO hearing are set forth in the Memorandum and Order disposing of the TRO Motion. (D.I. 19.)

2

court has the discretion to decide what fee is reasonable in any given case. *See id.* at 430-33. "'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). "[W]here both monetary and equitable relief have been pursued, the size of the monetary recovery is not necessarily the proper measure of the plaintiff's success." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998) (citing *Hensley*, 461 U.S. at 435 n. 11). A reasonable fee is also one that is adequate to attract competent counsel, but one which does not produce a windfall to the attorney. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Generally, a reasonable rate is calculated according to the prevailing market rates in the relevant community. *Id.* at 895. "The court 'should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The party seeking an award of fees has the burden to submit evidence to support the hours worked and rates claimed. *Hensley,* 461 U.S. at 433. Where such documentation is inadequate, the court may reduce the award accordingly. *Id.*

"Whatever relief the plaintiff secures must directly benefit [him or her] at the time of the judgment or settlement." *Farrar*, 506 U.S. at 111 (citing *Hewitt v. Helms*, 482 U.S. 755, 764 (1987)). If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Farrar*, 506 U.S. at 114 (quoting *Hensley,* 461 U.S. at 436). Thus, after calculating the lodestar, the court can make downward adjustments to account for time spent litigating unsuccessful claims that

are unrelated to the litigation of successful claims. *Rode*, 892 F.2d at 1183 (citation omitted). The court, however, cannot "decrease a fee award based on factors not raised at all by the adverse party." *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989). After the adverse party raises objections, the court has discretion to adjust the fee award in light of those objections. *Id.* at 721.

IV. **DISCUSSION**

In his motion, Sokolove seeks an award of attorneys' fees and related expenses incurred in the investigation and preparation of his litigation action, totaling $171,095.00, which consists of the following:

- $58,625.00 from July 17, 2005 - July 28, 2005 for fact investigation, legal research, depositions, preparing and filing the complaint, preparing and filing the TRO motion, preparing witnesses for the TRO hearing, and attending the TRO hearing.

- $65,448.00 from July 28, 2005 - May 26, 2006 for meetings, phone calls and teleconferences, reviewing and drafting responses to the City's affirmative defenses, legal research regarding his civil rights claims, settlement discussions, preparing the motion for partial summary judgment, mediation discussions with Judge Thygne, drafting and filing the amended complaint, conducting discovery, participating in settlement discussions, and preparing a draft settlement agreement.

- $47,022.00 from May 26, 2006 - October 2007 for filing the Consent Judgment, attempting to remedy the alleged deficiencies resulting from the ambiguity in the City's newly adopted ordinance, preparing and filing the motion for contempt, and preparing and filing the motion for attorneys' fees.

4

In the sections that follow, the court will determine the amount of attorneys' fees and expenses it will award to Sokolove. In so doing, the court will first address Sokolove's status as the prevailing party. Next, the court will calculate the lodestar by addressing the adequacy of documentation that Sokolove submitted in support of his motion, the amount of time Sokolove reasonably expended on the litigation, and the hourly rates charged by Sokolove's attorneys. Finally, the court will determine whether any adjustment to the lodestar is necessary.

### A. Whether Sokolove as the Prevailing Party is Entitled to Attorneys' Fees

The City first argues that Sokolove is not entitled to attorneys' cost and fees because his compensatory relief was nominal. Sokolove counters that his entitlement to attorneys' fees and costs is not dependent upon the amount of compensatory relief awarded. Indeed, the Consent Judgment entitles Sokolove, as the prevailing party, to attorneys' fees and costs at the court's discretion. A civil rights plaintiff who succeeds to a degree sufficient to qualify as a prevailing party meets the threshold qualification for an award of attorneys' fees. *See Farrar*, 506 U.S. at 111. A party may be deemed a prevailing party, even though the lawsuit is resolved other than by the entry of a final judgment on the merits, such as through a settlement. *Id.*; *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (noting that a consent judgment is "a court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant,'" which is a basis for the award of attorneys' fees) (citation omitted). Thus, the court finds that Sokolove, as the prevailing party, is entitled to attorneys' fees and costs.

### B. Whether Sokolove Submitted Adequate Documentation to Support His Motion

Although the City does not contest the majority of Sokolove's documentation, the City

contends that Sokolove's billing records are inadequate due to block-billed and vague records. The City argues that these block-billed and vague records make it impossible to determine whether or not Sokolove's attorneys spent their time on meritorious claims. Sokolove, on the other hand, asserts that there is more than enough detail in the time entries to warrant their inclusion in the fee award.

Counsel is required to "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. Thus, while counsel must at least identify the "general subject matter of [his or her] time expenditures," they are not required to "record in great detail how each minute of [his or her] time was expended." *Id.* at 437 n.12. In particular, a fee petition should include "some fairly definite information as to the hours devoted to various general activities, e.g. pretrial discovery, settlement negotiation, and the hours spent by various classes of attorneys." *Rode*, 892 F.2d at 1190 (citation omitted). "It is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Id.* (citations omitted). The party seeking an award of attorneys' fees has the burden of establishing the reasonableness of the fees sought and submitting evidence to support the hours claimed. *See Microsoft Corp. v. United Computer Res. of N.J.*, 216 F. Supp. 2d 383, 387 (D. N.J. 2002).

Here, Sokolove's counsel has maintained records in a manner sufficient for the court to identify distinct claims. In support of his motion, Sokolove has submitted copies of: (1) invoices of the time entries recorded by each attorney, legal assistant, and other support staff who provided services in the litigation; (2) a monthly breakdown of the attorneys fees and costs for the course of the litigation; (3) and the hourly rates of each attorney that worked on the litigation. These records include the general subject matter of the work performed (i.e. "legal research"), as well as

descriptions of the work performed (i.e. "legal research re: whether plaintiffs will be prevailing party under 42 U.S.C. Section 1988 . . . "). (See D.I. 94, Ex. 39A.) Accordingly, the court rejects the City's contention as to the adequacy of Sokolove's billing records.

### C. Whether Sokolove's Requested Fees are Reasonable

As previously mentioned, the starting point for determining the reasonableness of a fee is to calculate the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The result of this calculation is the lodestar. *See Rode*, 892 F.2d at 1183. The court now proceeds with the lodestar analysis.

#### 1. Whether the Number of Hours Reasonably Expended on the Litigation was Reasonable

The City contends that the amount of time Sokolove spent on the litigation was unreasonable. The City argues that Sokolove inflated the amount of time spent on the litigation with duplicative or excessive work and expenses, and non-meritorious claims. Specifically, the City contends that $140,000 in counsel fees and costs to Wolf, Block, Schorr & Solis-Cohen, LLP ("Wolf Block"), and an additional payment of $30,000 to Sokolove's co-counsel, Chase Brockstedt, is excessive, considering the fact that "almost no discovery was conducted and the essential factual and legal issues were resolved approximately five days after the filing of [Sokolove's] [c]omplaint." (D.I. 95, at 19.) Further, the city contends that Sokolove's records reveal "vast amounts of block-billed time" and "grossly excessive time entries" where "multiple attorneys [reviewed] identical issues." (Id.) According to the City, Sokolove's legal team overstaffed the case. The City asserts that Sokolove billed "8 timekeepers" to handle this litigation. (Id. at 22-23.) The City argues that Sokolove's overstaffing is demonstrated by the fact that Sokolove's requested attorneys' fees represent "90 times

(900%) [the amount] of [his] actual monetary recovery." (Id. at 22.)

Conversely, Sokolove asserts that the time spent on the litigation was reasonable. Sokolove first argues that the degree of success obtained in a lawsuit is a measure of the reasonableness of the time spent, and that he obtained "overwhelming" success in this lawsuit. According to Sokolove, the purpose of his action was to "put an end to [the City's] selective enforcement of [Section 74-16]." (D.I. 96, at 6.) Sokolove argues that he achieved "significant success" on his claims through the execution of the Consent Judgment.[3] Additionally, Sokolove contends that the City's lack of cooperation precluded the matter from being resolved expeditiously and, therefore, added to the expense. Specifically, Sokolove asserts that the City's conduct in "incorrectly advising [him] where signs could be erected and failing to respond to [his] resolution efforts" caused the increase in the amount of time spent on the litigation. (Id. at 10.)

Furthermore, Sokolove argues that the fees were incurred during time spent in pursuit of claims that were meritorious when filed. Sokolove argues that, although one of the two issues raised in his complaint was rejected by Judge Jordan at the TRO hearing, Judge Jordan initially ruled in favor of the rejected claim, which justifies the work that was ultimately done on the claim. Sokolove further argues that the time spent on the litigation is reasonable given the amount of work his attorneys performed. According to Sokolove's counsel, after they were retained by Sokolove, they spent nine days investigating, researching, filing pleadings, participating in depositions and written discovery, preparing and participating in the TRO hearing, and submitting post-hearing evidence. Sokolove also asserts that the City continued to selectively enforce Section 74-16 after the litigation was filed. In

---

[3] The Consent Judgment declared Sokolove the prevailing party, and ordered the City to pay Sokolove $2,001.00 in damages and to adopt "an ordinance . . . which sets forth and clarifies the manner in which the Ordinance will be enforced . . . ." (D.I. 73, at 2.)

addition to continued selective enforcement, Sokolove contends that the City was unwilling to discuss settlement, which prompted Sokolove to file a motion for summary judgment, and incur more expenses. Sokolove asserts that the City prolonged the process by continuing to refuse to respond to his correspondence attempts, which "forced [him] to engage in additional [motions] practice," and reschedule depositions multiple times. (D.I. 92, at 26.) After the parties reached agreement in the Consent Judgment, additional time and fees were incurred as a result of the City's adoption of a new ordinance that was "hopelessly ambiguous," which prompted Sokolove to file a motion for contempt to "remedy the deficiencies." (Id.)

After having considered the parties' arguments on the issue, as well as the pertinent law, the court finds the City's arguments unpersuasive. First, as previously discussed, a civil rights plaintiff who succeeds to a degree sufficient to qualify as a prevailing party meets the threshold qualification for an award of attorneys' fees. Thus, whether Sokolove's damages are nominal or not has no bearing on his award amount. *See LeBlanc-Sternberg*, 143 F.3d at 758. Second, it does seem that the City increased the amount of time and money Sokolove's attorneys spent on the litigation by failing to respond to Sokolove's correspondence attempts to settle the matter or proceed forward.[4] Sokolove's counsel made attempts to address the issue with the City outside of court. (See D.I. 95 Ex. D; id at Ex. E.) The City, however, did not respond to emails, rescheduled depositions, and failed to meet the deadlines stipulated in the Consent Judgment. It was not until Sokolove filed a motion for contempt that the City responded and the parties finally settled this matter. Finally, in his fee motion, Sokolove sets forth customary charges: correspondence, research, meetings, document review and preparation,

---

[4] Notably, the Memorandum and Order on the TRO Motion states in a footnote that "efforts to reach [the City] were initially unsuccessful . . . ." (D.I. 19, at 2 n.2.)

supplies and photocopying, and motion drafting. In light of these facts, the court declines to reduce Sokolove's fee award because it concludes that under the circumstances, Sokolove's counsel spent a reasonable number of hours on the litigation.

        2.       Whether Sokolove's Counsel Charged a Reasonable Rate

The general rule is that a reasonable hourly rate is calculated according to the prevailing market rate in the community. *See Washington v. Phila. County Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). In determining the appropriate hourly rate, the court first considers the attorneys' usual billing rates. *See Pa. Envt'l Def. Found. v. Canon-McMillan Sch. Dist.*, 152 F.3d 228, 231 (3d Cir. 1998). The party requesting the attorneys' fees bears the burden of establishing that the requested hourly rates are reasonable. *Washington*, 89 F.3d at 1035.

In the instant case, five attorneys from two different law firms represented Sokolove. According to the exhibit submitted by Sokolove, the firms charged between $200-$340 per hour for the five attorneys that worked on the proceedings. (D.I. 92, at 24; D.I. 94, Ex. 39B.) Additionally, the firms charged between $85-$105 an hour for paralegal work. (See D.I. 94, Ex. 39A.) The attorneys assert that these rates are commensurate with the prevailing market rates for attorneys with comparable skills and experience. (Id. at Ex. 39B.) Sokolove submitted affidavits to support the assertions. The City does not contest the attorneys' assertions regarding the reasonableness of their hourly rates. Therefore, the court "may not exercise its discretion to adjust the requested rate downward." *Washington*, 89 F.3d at 1036. Accordingly, the court accepts these rates as reasonable.

**D.      Whether the Court Should Adjust the Lodestar Based on Sokolove's Degree of Success**

Even though the court has the discretion to award attorneys' fees, the City contends that

Sokolove's request for attorneys' fees is unreasonable and should be denied, since Sokolove was unsuccessful in this litigation. The City contends that Sokolove's award should be reduced because Sokolove has failed to base his requested fees on work that: (1) was "related to claims which were ultimately meritorious;" (2) "caused a benefit in the litigation;" (3) was "documented without vague, block-billing descriptions;" and (4) was "not duplicative and/or excessive." (D.I. 95, at 19.) The City contends that Sokolove's lack of success is demonstrated by what it characterizes as his nominal damages award. The City speculates that Sokolove was awarded nominal damages, because Sokolove would be "unable to prove that [its] conduct was the proximate cause of any compensatory damages to [him]." (Id. at 16.)

The City further asserts that Sokolove's lack of success is based on his failure to prove his central arguments. According to the City, Sokolove filed this action "essentially as a First Amendment challenge to the facial validity of the City's Sign-Removal Ordinance . . . [,]" which Judge Jordan ruled against. (Id at 17.) According to the City, because Sokolove was unsuccessful at his initial effort, he turned his focus to the enforcement of the Ordinance. The City argues that "because [Sokolove] had poured so much of [his] efforts into these unsuccessful claims, [he] [has] attempted to use [his] nominal success on the enforcement issue to try to bootstrap [his] argument that [his] counsel fees should be paid." (Id.)

On the other hand, Sokolove contends that his requested fees are reasonable based on his "overwhelming" degree of success. Sokolove first argues that the purpose of the lawsuit was to put an end to the City's "selective enforcement of Section 74-16." (D.I. 96, at 6.) According to Sokolove, his purpose was achieved "only through the execution of the Consent judgment and [the City's] replacement of [the] old Section 74-16 . . . . " (Id.) Additionally, Sokolove argues that a recovery of

$2,001.00 in compensatory damages does not indicate unsuccessful claims." (See Id.) According to Sokolove, the damage award covered the actual damages suffered from the loss of his inexpensive campaign signs, which was not the main thrust of his claims.

As previously noted, the degree of success is the most important factor in determining a reasonable fee award. *See Farrar*, 506 U.S. at 114 (citation omitted). The degree of success determination "promotes the court's 'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case.'" *Id.* at 114-15 (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)). When a party has pursued both equitable and monetary relief, factors other than the size of a party's monetary recovery may be appropriate in determining that party's degree of success. *See LeBlanc-Sternberg*, 148 F.3d at 758.

Here, the court notes that this case is not the typical case. It is, in fact, atypical in that the parties did not proceed far in the litigation before they settled. It is also atypical because Sokolove's primary purpose in pursuing this litigation was to obtain equitable relief (e.g., injunctive relief for the removal of his election signs). In pursuit of this goal, Sokolove was deemed the prevailing party. Additionally, the court granted his request for non-selective enforcement of Section 74-16, as well as his request for damages, and he was successful in his quest to get the City to revise and adopt new Ordinance language. (See D.I. 73.) Not only did Sokolove obtain success on his claims, the City never contested any of these allegedly meritless claims by way of motion. The closest the City came to contesting Sokolove's claims was during the TRO hearing, where it contested Sokolove's TRO request. The City never filed a motion to dismiss any of Sokolove's claims. Nor did the City request summary judgment on Sokolove's claims. Indeed, the City agreed that Sokolove is the prevailing party in the Consent Judgment. (See D.I. 73.) Thus, the court finds that Sokolove's achievement of his

main purpose in the litigation is sufficient to justify a fee award.

Additionally, the court finds unpersuasive the City's argument that Sokolove's fee request should be reduced because Sokolove's billing records are duplicative and/or excessive. For instance, the City specifically challenges the number of hours Sokolove's counsel spent initially preparing for the case after being retained by Sokolove (15 hours), and performing related legal research (3.4 hours). The City further challenges other hours expended, but does not explain why the amount of time is unreasonable. The court finds these hours to be not only necessary, but reasonable in length. Therefore, given the foregoing analysis, the court will not reduce the lodestar, and will award Sokolove the entire amount of attorneys' fees and costs he requests.

Dated: September 12, 2008

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

SEP 1 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SOKOLOVE, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF REHOBOTH BEACH, DELAWARE, ET AL., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-514-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

For the reasons stated in the court's Memorandum Order of this same date, IT IS HEREBY ORDERED that:

1. Sokolove's Motion for an Award of Attorneys' Fees and Expenses (D.I. 91) is GRANTED.

2. The court awards Sokolove $171,095.00 in attorneys' fees and expenses.

Dated: September 12, 2008

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED
SEP 15 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE